## HILLSIDE AMUSEMENT CO. v. WARNER BROS. PICTURES, Inc., et al.

District Court, S. D. New York.
Nov. 25, 1944.

See, also, D.C., 2 F.R.D. 275.

Norman H. Samuelson, of New York City (Mortimer Hays, of New York City, of counsel), for plaintiff.

Austin C. Keough, of New York City (Whitney North Seymour, of New York City, of counsel), for defendant Paramount.

RIFKIND, District Judge.

Motion by plaintiff for an order under Federal Rules of Civil Procedure, Rule 34, 28 U.S.C.A. following section 723c, requiring defendant, Paramount Pictures, Inc., to produce and permit the inspection and copying of designated papers. The defendant's opposition to the application as a whole is founded on three grounds: (1) That the designated papers deal with matters which are remote in time from the matters in issue; (2) that the papers deal with events which occurred at places remote geographically from the scene of action relevant to the issues; (3) that the designations are inadequate.

The rule is that the designated papers whose production is ordered shall be "not privileged" and shall "constitute or contain evidence material to any matter involved in the action." The first two grounds of opposition asserted by defendant are thus an attack upon the materiality of the requested papers by reason of the remoteness of the transactions they reflect in time and place from the matters involved in the action.

■ It is true that, at first blush, documents dated in 1919 seem remote from 1933 when plaintiff's cause of action could first have arisen. Likewise, on initial observation, it seems that Canadian transactions are remote from a cause of action having its roots in Hillside, New Jersey, where plaintiff's alleged business injuries occurred. But there is no absolute yardstick for remoteness. Whether the requested documents are so remote as to be immaterial depends upon the subject matter of the action and its temporal and spatial ordinates. In the instant case the complaint alleges a cause of action for treble damages under the anti-trust laws. It declares that plaintiff, a motion picture exhibitor, operating a theatre in Hillside, New Jersey, has been injured as a result of a nationwide conspiracy on part of the defendants, in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15

note; that the defendants conspired to monopolize the motion picture business in its three branches of production, distribution and exhibition; that in order to carry out this plan to monopolize, five of the defendants, including the defendant Paramount, have severally acquired circuits or chains of theatres known as affiliated theatres; that the defendants have divided the United States into territories or zones and have allocated particular zones to one or the other of the defendants; that in a zone allocated to a defendant, that defendant is given preference in run, clearance, rentals and other aspects of the business.

The complaint assigns no date for the commencement of the conspiracy, but it is apparent on its face that many years are embraced within its narrative. Without passing upon the question of admissibility at the trial, surely, for purposes of discovery and inspection, I cannot say that events and documents claimed to be probative of the alleged conspiracy are immaterial, simply because they antedate the plaintiff's entry into business. I draw the contrary rule from Baush Machine Tool Co. v. Aluminum Co. of America, 2 Cir., 1934, 72 F.2d 236, 239, certiorari denied, 293 U.S. 589, 55 S.Ct. 104, 79 L.Ed. 683. The asserted history of the conspiracy and not the scope of plaintiff's damage provides the temporal boundary for the discovery.

By analogy, I think the same rule should determine the geographical reach of the requested discovery. Since plaintiff alleges a nationwide conspiracy, he may be permitted to inquire into events on a nationwide scale. It may be that the complaint alleges more. than plaintiff need prove to establish his cause of action. I do not inquire into that because the complaint has already been challenged and found sufficient by one of my colleagues. On the complaint as it stands, I cannot say that the requested discovery exceeds the limits of materiality on the ground that it touches events in areas remote from Hillside, N. J.

The challenge to the sufficiency of the designation of the requested papers requires recourse to the itemized list. A few general principles, however, will dispose of many of the items. Professor Moore writes as follows: (Moore's Federal Practice, volume 2, page 2638):

"When a party does not have sufficient information to describe the documents or objects which he desires to inspect, as required by Official Form 24, or sufficient knowledge that such documents or objects are in the control of the adverse party so that he can execute the affidavit to accompany the motion under Official Form 24, he may proceed as follows:

"1. He may submit written interrogatories under Rule 33 to be answered in writing under oath by the other party. By the interrogatories the party seeking inspection may elicit information concerning 'the existence, description, nature, custody, condition, and location of many books, documents, and other tangible things' which constitute or contain evidence material to any matter involved in the action * * *.

"2. He may take the deposition of the party, either on oral or written examination"

and obtain the same information.

In this instance the plaintiff has proceeded by deposition, but as will appear, the information elicited on the deposition is in many instances insufficient to satisfy the requirements of precise designation which the Rule and Official Form 24 contemplate.

Many of the requested items contain the formula "all memoranda, surveys and inter-office communications prepared in connection with" the principal paper requested. Such general language has frequently been found wanting. United States v. Schine Chain Theatres, Inc., D.C.,W.D. N.Y., 1942, 2 F.R.D. 425; Thomas French & Sons, Ltd. v. Carleton Venetian Blind Co., D.C.,E.D.N.Y.,1939, 30 F.Supp. 903; Lever Brothers Co. v. Proctor & Gamble Mfg. Co., D.C.,Md.1941, 38 F.Supp. 680. The degree of precision required was stated by Judge Woolsey in United States v. American Optical Co., D.C.,S.D.N.Y.,1942, 2 F.R.D. 534, 536:

"I hold that such designation in a motion under Rule 34 must be sufficiently precise in respect to each document or item

of evidence sought to enable the defendant to go to his files and, without difficulty, to pick the document or other item requested out and turn to the plaintiff saying 'Here it is' ".

I suppose that in many instances a party would prefer to respond to such generalized demands rather than to be subjected to a preliminary examination by oral deposition or written interrogatories as to the existence and description of the desired documents. But such a choice of convenience is not for the court to make.

Plaintiff attempts to supply the deficiency in designation by reference to the deposition of Adolph Zukor. I have examined the references. Generally, they suffer from a failure to show the existence of the material requested or from a failure sufficiently to describe the material so that it can be readily identified.

Where the denial of the application is founded upon the deficiency in designation, it is without prejudice to renewal upon papers showing an adequate designation of the papers desired together with proof of custody by defendant and materiality to the subject matter of the action.