### BURROUGHS et al. v. WARNER BROS. PICTURES, Inc., et al.

### Civ. A. 50–945.

United States District Court
D. Massachusetts.

April 24, 1952.

---

4. See footnote No. 3.

John L. Saltonstall, Jr., Hill, Barlow, Goodale & Wiswall, Boston, Mass., Edward C. Park, Withington, Cross, Park & McCann, Boston, Mass., for plaintiffs.

Arthur E. Whittemore, John R. Hally, Nutter, McClennen & Fish, Boston, Mass., for defendant.

FORD, District Judge.

This is an action under the anti-trust laws brought by the owners of certain motion picture theatres in Newburyport and Amesbury, Massachusetts, against Warner Bros. Pictures, Inc., hereinafter referred to as Warner and several other defendants, most of whom are alleged to be subsidiaries of Warner and are engaged in various phases of the motion picture industry.

The complaint alleges that since prior to 1930 defendants and other producers, distributors, and exhibitors of motion pictures have combined and conspired to monopolize and restrain trade and commerce in the motion picture industry throughout the United States in violation of the anti-trust laws. It alleges that because of the domination of the industry thus secured, plaintiffs from 1930 to 1947 consented to lease their theatres to Warner or one of its subsidiaries. It is further charged that when plaintiffs refused to renew such leases beyond 1947, defendants conspired to perpetuate or reestablish Warner's monopoly in the Newburyport area and eliminate plaintiffs from the motion picture business there, erected and operated a new theatre in the area, and brought about arrangements to deprive plaintiffs' theatres, now operated by other lessees, of their fair share of desirable films, for the purpose of driving plaintiffs' theatres out of business.

Defendants Warner and Massachusetts Amusement Corporation object to numerous interrogatories directed to them by plaintiffs. These interrogatories in general relate to such matters as the corporate history of defendants, the relationship of Warner to its subsidiary or affiliated corporations, the names of theatres owned or leased by them,

and information as to the revenues and other financial data of defendants. In many cases information requested is for the period from 1924 to 1950 and covers Warner's activities in all parts of the United States.

Warner's objection to the interrogatories is based on its contention that this action is simply one dealing with a purely local conspiracy in restraint of trade and that interrogatories not limited to defendants' activities in the Newburyport area since 1947 are completely irrelevant to the issues involved.

■ The complaint does not support this contention. It is true that it particularly alleges certain conduct in the Newburyport area since 1947 which plaintiffs say has damaged them. But it does not present these activities as isolated incidents. It alleges that they are an integral part of a conspiracy to monopolize the industry which is nationwide in scope and has extended continuously for many years. It may be that it would be impossible for plaintiffs to show that the particular activities which caused them damage were in themselves in violation of the law, and that it must present them as part of the picture of a nationwide and long-continuing course of conduct. In any event, they have elected to base their claims not on a merely local conspiracy but on the larger one set out in the complaint.

As to the conspiracy and combination thus charged, the information requested in these interrogatories is clearly relevant. The size of the defendants, the amount of their business, the degree of integration between them, their relationship to other companies in the industry, the nature of their operations over an extended period of time are all factors which have a bearing on their power or their intent to dominate or monopolize the industry. United States v. Paramount Pictures, Inc., 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260; United States v. Griffith, 334 U.S. 100, 68 S.Ct. 941, 92 L.Ed. 1236; United States v. Columbia Steel Co., 334 U.S. 495, 68 S.Ct. 1107, 92 L.Ed. 1533;

American Tobacco Co. v. United States, 6 Cir., 147 F.2d 93; American Medical Ass'n v. United States, 76 U.S.App.D.C. 70, 130 F.2d 233; Hillside Amusement Co. v. Warner Bros. Pictures, Inc., D.C., 7 F.R.D. 260.

■ It is not, of course, required that all the information sought should be admissible in evidence at the trial. Rule 33, F.R.Civ.P. 28 U.S.C.A. It cannot be said that the information sought here is not at least such as to lead to evidence material to the conspiracy which plaintiffs are attempting to prove.

■ Defendant Massachusetts Amusement Corporation offers further grounds for objection to some of the interrogatories directed to it, in addition to the general objection of irrelevancy. The objection to giving details of its organization and financial structure on the grounds that it admits being a wholly owned subsidiary of Warner cannot be sustained, since these details may throw further light on the alleged monopolistic purpose of the integration between Warner and its subsidiaries. Its objection to giving the book value of its Port Theatre seems to be an objection to stating its value on this particular basis. The value of the theatre is relevant, since the complaint charges that defendant has erected a theatre unnecessarily large in view of the available market in order to drive plaintiffs' theatre out of business. The book value of the theatre, while not necessarily proof of its true value, may lead to information to its true value and thus be helpful to plaintiffs. The week by week breakdown of receipts of defendant's theatre seems relevant for the light it will give as to the value or importance of the alleged unfair advantage given to that theatre in the matter of first runs of the more desirable films. The yearly basis on which defendant suggests the information should be given would furnish no means of correlating the defendant's receipts with the particular films shown.

Defendants' objections to interrogatories are overruled.