**LEONIA AMUSEMENT CORPORA-TION et al., Plaintiffs,**

v.

**LOEW'S Incorporated et al., Defendants.**

United States District Court, S. D. New York.

July 16, 1954.

See, also, D.C., 117 F.Supp. 747.

Sperry, Weinberg & Ruskay, New York City, for plaintiffs.

Dwight, Royall, Harris, Koegel & Caskey, New York City, John F. Caskey,

**584**

Herbert C. Earnshaw, New York City, of counsel, for defendant Twentieth Century-Fox Film Corp. (in dissolution).

Austin C. Keough, New York City, for defendants Paramount Pictures, Inc., (in dissolution) and Paramount Film Distributing Corp.

J. Robert Rubin, New York City, for defendant Loew's Incorporated.

Robert W. Perkins, New York City, for defendants Warner Bros. Pictures, Inc. (in dissolution) and Warner Bros. Pictures Distributing Corp.

Schwartz & Frohlich, New York City, for defendant Columbia Pictures Corp.

Adolph Schimel, New York City, for defendants Universal Pictures Co. Inc., and Universal Film Exchange, Inc.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant United Artists Corp.

CONGER, District Judge.

Motion by plaintiffs for an order pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. requiring certain of the corporate defendants to produce and permit plaintiffs to inspect and copy certain documents claimed to be in the possession of defendants.

This action is brought pursuant to an act of Congress known as the "Sherman Anti-Trust Act." 15 U.S.C.A. §§ 1 through 7, 15 note and the act of Congress known as the "Clayton Act." 15 U.S.C.A. §§ 12 through 27.

Briefly, the complaint alleges that the defendants conspired against plaintiffs in violation of the anti-trust laws and by concerted action and discrimination against plaintiffs' theatre and the favoring of theatres affiliated with defendants and of certain favored exhibitors forced plaintiffs out of the theatre business in Leonia, New Jersey.

By reason of the above, plaintiffs claim to have been damaged in the sum of $600,000 and entitled to a trebled judgment of $1,800,000.

 This motion presents a perplexing problem as to the extent of the discovery permitted in time and area. The decided pertinent cases are many and not at all in accord. The law to be applied is well settled but the applicability is not. I think it is generally conceded that the rule for discovery in these anti-trust cases should be liberally construed to permit discovery.

In such cases the facts of the conspiracy are largely in the possession and within the knowledge of the defendants. This is so because of the very nature of the claimed conspiracy. The acts which constitute it are usually unavailable and unknown to plaintiff. Resort, therefore, must be had to the discovery procedure of the Federal Rules of Civil Procedure and the Courts have almost uniformly been most liberal in the construction and interpretation of the Federal discovery procedure.

I have measured plaintiffs' application for discovery here with the generally accepted yardstick as to relevance to the issues, extent of discovery as to time and area, good cause and all the other elements which enter into the questions raised here.

I have set below my conclusion. I have not set forth any special direction as to the extent of the discovery as applied to each separate defendant. Their objections to the plaintiffs' application were more or less the same. One or more of the defendants disclaimed ever having in their possession certain of the documents asked for. The order based on my holding here should be directed to all of the defendants, and they should procure for inspection and examination by the plaintiffs the documents sought which they have in their possession or under their control. In the event that any defendant is unable to comply with the order in any respect such defendant

shall set forth the fact in an affidavit sworn to by one of its officers.

I shall not set forth in detail the various documents, correspondence, records etc. which plaintiffs are seeking to examine. They are set forth in the notice of motion and amended notice in five categories under I to V.

Plaintiffs' motion is granted as to I, III, IV and V. As to IV the defendant should produce for inspection what they have but the period should be from September 1, 1933 to September, 1935, except that the period for the Leonia Theatre should be from January 1, 1927 to September 1, 1935.

■ As to II, I believe discovery should be allowed to extent indicated in plaintiffs' amended notice. This involves 11 towns and/or cities in northern New Jersey and approximately 20 theatres. The defendants have offered to comply with respect to 4 towns and 5 theatres from 9/1/33 to 9/1/35. The plaintiffs should not be so restricted. The complaint alleges a conspiracy "to monopolize the exhibition of motion pictures throughout the United States and in the metropolitan area of New York City including northern New Jersey." The defendants would restrict plaintiffs' discovery to those theatres which had the *last clearances* over its theatre in two different pyramids of clearances—plus the Park Theatre in Palisades Park which formerly had no clearance over the Leonia theatre and the Leonia. But the complaint charges a system of runs and clearances—Jersey City, Union City, North Bergen zone and Paterson, Hackensack, Englewood zone for each of which plaintiffs' theatre had to wait.

I think plaintiffs should be allowed to go into this system as bearing on the conspiracy.

■ I also think plaintiffs should have the Leonia records from 1927. It is charged that the priority and clearance position of the Leonia changed when Fox, etc. acquired it in 1929–31. The conditions then and before and after when plaintiffs ran the Leonia are relevant.

The plaintiffs' cases easily support this ruling. See for example Judge Rifkind's decision in Hillside Amusement Co. v. Warner Bros., D.C., 7 F.R.D. 260, also Burroughs v. Warner Bros., D.C., 12 F.R.D. 491.

In the amended notice, plaintiffs ask for cut-off cards for the period of January 1, 1927 through September 1, 1935 (which I have allowed). Then follows this demand: "and if cut-off cards are not available for September 1, 1927—September 1, 1933, then the period for all theatres shall be September 1, 1927—September 1, 1935."

As I understand it if the cut-off cards are not available for the period above mentioned then plaintiffs want production and inspection of all the documents, etc., asked for in the opening sentence of the amended notice from all the theatres mentioned in said notice from September 1, 1927 to September 1, 1935.

I am not willing to go along with plaintiffs in this demand. I am not convinced at this time of the necessity of requiring defendants to make discovery in this respect.

I will leave it this way. After defendants have complied with the order herein, if by reason of the failure to produce certain cut-off cards, plaintiffs are deprived of necessary and relevant information, they may make further application to the Court for examination of such documents as will be necessary to secure the required information.

The manner and means by which the foregoing will be carried out—production, inspection and copying of the documents produced—should be arranged by the attorneys. If they are unable to agree I will decide the manner, means, dates, etc.

Defendants have moved for an order pursuant to Rule 33 of the Federal

Rules of Civil Procedure, striking certain interrogatories propounded by plaintiffs or in the alternative modifying and limiting said interrogatories.

Plaintiffs have withdrawn a great number of their interrogatories so that there are now 15 left, most of which are objected to strenuously by the defendants.

I gather from a reading of the affidavits and briefs submitted to me by both sides to this controversy that if plaintiffs are able to get the information they seek by the proceeding under Rule 34, that will obviate to a great degree the necessity of answering many of the interrogatories.

In the interest of orderly procedure and to save time and unnecessary labor, I feel that the matter of the interrogatories should be laid at rest for the time being; that defendants' motion should not be passed on at this time but should be held in abeyance, pending defendants' compliance with the order of discovery. After defendants have complied with the order of discovery or have attempted to comply with it, any party hereto, if the matter of interrogatories is still a live issue, may have the defendants' motion restored to the motion calendar on five days' notice. If plaintiffs are still interested in more information by way of interrogatories by calling up this motion they may bring the issue to the Court.

I have a suggestion to make which might be helpful. That is to have an early pre-trial of this case. I have found by experience that many problems such as the question of these interrogatories may be settled very easily and speedily. I suggest, and it is only a suggestion, that after defendants have complied with the order of discovery a pre-trial of the case be had at which time the question of these interrogatories might be taken up with other matters that have to do with this other discovery procedure.

Settle orders.