**STEPHENS THEATRE CORPORATION and Marine Theatre Holding Corporation, Plaintiffs,**

v.

**LOEW'S Inc., et al., Defendants.**

**Civ. No. 14217.**

United States District Court
E. D. New York.

May 31, 1955.

Sperry, Weinberg & Ruskay, New York City, Joseph A. Ruskay, New York City, of counsel, for plaintiffs.

Hovell, Clarkson, Klupt & Schrank, New York City, Herbert Schrank, Niall O. Meagher, New York City, of counsel, for defendants Century Circuit, Inc. (N. Y.), Combined Century Theatres, Inc.

GALSTON, District Judge.

This is a motion for discovery and production of documents under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The plaintiff, Stephens Theatre Corporation, an operator of a moving picture theatre, and the co-plaintiff, the owner of the land and building, allege a conspiracy to violate the anti-trust laws, and seek to recover treble damages. The plaintiffs' theatre is located in Brooklyn, N. Y., and has been operated by the plaintiff, the Theatre Corporation, continuously from 1933 to date.

All the distributor-defendants have consented to the motion for inspection and production of documents dating from 1932, and it is only the non-distributor defendants, Century Circuit, Inc. (N. Y.) and Combined Century Theatres, Inc., who appear and object.

The latter defendants, as to whom the statute of limitations has not been tolled, seek to limit the discovery and production to a period commencing no earlier than seven years from date (i. e. the period of the statute of limitations plus the time elapsed since the filing of the complaint). They ask also that to the extent that plaintiffs' motion be granted, the discovery and inspection be set down for a date no earlier than sixty days after the completion of the taking of plaintiffs' testimony by deposition.

Plaintiffs argue that the time period covered coincides with the period from the plaintiffs' commencement of operation of the Graham Theater in 1933 to the date of the filing of suit.

They request too that the period for the production of documents be enlarged to include a period of about a year to a year-and-one-half prior to the plaintiffs' opening of their theatre so as to permit the plaintiff to prove, among other things, the system and method of licensing pictures in the area, the agreements between the defendants and the clearances in force at the time plaintiffs commenced operation of their theatre and for a short period prior thereto. Thus the plaintiffs would be enabled to show the origin, background and purposes of the conspiracy.

In Burroughs v. Warner Bros., D.C., 12 F.R.D. 491, interrogatories with respect to the activity of the defendants all over the United States were permitted for a period going back to 1924, although plaintiff's damage period did not go back beyond 1930.

In Hillside Amusement Co. v. Warner Bros., D.C., 7 F.R.D. 260, 262, the court said: "The asserted history of the conspiracy and not the scope of plaintiff's damage provides the temporal boundary for the discovery."

In Byer's Theatres v. Murphy, D.C., 1 F.R.D. 286, 288, a case relied upon by both plaintiff and defendant as an authority, the plaintiff alleged that it was victimized from 1938 on, and the court ordered the production of all contracts from January 1, 1935, saying: "However, plaintiff's counsel in argument avow that defendants' monopolistic practices for the purpose of forestalling competition have been in existence at least as far back as January 1, 1935, and I think therefore that the contracts between defendants as far back as that date are relevant, and information contained therein might be admissible to show the knowledge, intent or purpose of the defendants in their transactions during the year 1938 et sequa."

The plaintiffs should be allowed discovery and production for a period dating back one year prior to its entry into business, as the allegations of conspiracy encompass that period. The six year statute of limitation is not a limitation on the use of pre-trial discovery. Civil Practice Act, N.Y., § 48. The trial judge may see fit to limit the introduction of evidence to a narrower period, but it is quite possible that revealing documents will be found in the time period immediately prior to and subsequent to the plaintiffs' entry into the industry.

The motion is granted subject to the completion of the taking of plaintiffs' testimony by deposition.

Settle order.