Robert L. **THOMPSON**, Plaintiff,

v.

Nicholas H. **HOITSMA**, Clara A. Hoitsma and Lucy Hoitsma, co-partners doing business under the firm name of P. Hoitsma Adjustable Bracket Company, Defendants and third party plaintiffs,

**OLSON COMPANY**, Inc., a foreign corporation, doing business in New Jersey, Third party defendant.

Civ. A. No. 724–54.

United States District Court
D. New Jersey.
March 21, 1956.

113

Ben F. Schwartz, New York City, by
David M. Kahn, Port Chester, N. Y., for
plaintiff.

Henry P. Schoonyoung, by Jerome L. Yesko, Paterson, N. J., for defendants and third-party plaintiffs Nicholas H. Hoitsma, Clara A. Hoitsma, and Lucy Hoitsma, co-partners doing business under the firm name of P. Hoitsma Adjustable Bracket Co.

Paul J. O'Neill, by Francis C. Foley, Jr., Newark, N. J., for third-party defendant Olson Co., Inc.

HARTSHORNE, District Judge.

Olson was Thompson's employer, and, for an accident to Thompson in the course of this employment, Olson paid a compensation award. Since Hoitsma furnished some of the materials involved in the accident, Thompson, after obtaining the above award, sued Hoitsma, who in turn sued Olson.

Defendant Hoitsma, in addition to other discovery obtained by consent during oral argument, has applied under Fed. Rules Civ.Proc. rule 34, 28 U.S.C.A., against his third party defendant Olson, for the "inspection and copying" of alleged statements by Olson's officers and employees, the McCleans, to the effect that it was not Hoitsma, but Olson, that was responsible for the accident to Thompson.

The McCleans' statement, which Hoitsma desires, is not alleged to be an affirmative statement of fact as to how the accident occurred, but a mere admission after the accident by the McCleans as to Olson's responsibility for such accident. In short, such statement would not be evidence in chief at the trial itself, but usable only to impeach the credibility of the McCleans, in case they testified at the trial that it was Hoitsma, not Olson, who was responsible for the accident. True it is that the discovery statutes are to be read together, so that any discovery of tangible matters permissible on deposition under F.R.C.P. 26 may for "good cause" be generally obtainable under F.R.C.P. 34. In short, to both rules the clause in F.R.C.P. 26 (b) applies that "It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." Thus the inadmissibility of the statement of the McCleans as evidence in chief for Hoitsma, does not render this statement by the McCleans unobtainable at all for inspection under F.R.C.P. 34. But, since Hoitsma already knows of the above alleged admission by the McCleans, it alone will not "lead to the discovery of admissible evidence" additionally.

Further, deposition discovery is obtainable even without the showing of good cause. Inspection discovery under F.R.C.P. 34 is obtainable only upon the "showing good cause therefor". In other words, the deposition method is the normal one, always available. The inspection method is the less usual one, only available on cause shown. The latter is primarily pointed to furnishing documentary and other tangible matters evidential per se. When a party has another discovery method readily available, he ordinarily, and here, lacks "good cause" for using another method, only available upon "good cause" and ordinarily only usable to obtain matters evidential per se, which the statement in question is not. U. S. v. Ben Grunstein & Sons Co., D.C.N.J.1955, 137 F.Supp. 197, 202.

Not only so, but we must further bear in mind the fact that statements obtained for the purpose of litigation, as were the McCleans' statements here—for the purpose of the Workmen's Compensation litigation—are normally inadmissible as work product, Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, if obtained by counsel, or even if obtained, not by counsel, but for counsel's use, Alltmont v. United States, 3 Cir., 1949, 177 F.2d 971, the latter being the law in this circuit, even if questioned elsewhere. And, since the purpose of this work product privilege is to protect the legal craftsman in the prod-

uct of his labors, this privilege would continue till the confidential nature of such work product is destroyed by public use, as in court, or till the ends of justice otherwise require its termination.

Thus it would seem that while Hoitsma should not be denied his discovery, presently requested, this discovery should be obtained by deposition, not on application for inspection and copying of documents. Of course, if upon such deposition the McCleans deny the purport of their alleged statements as above, then "good cause" might well exist for the inspection and copying of the statements of the McCleans. Then, too, the work product privilege would have ceased to be effective, under the very rule laid down in Hickman. Compare Hauger v. Chicago, R. I. & P. Railroad Co., 7 Cir., 1954, 216 F.2d 501.

The motion for discovery under F.R. C.P. 34 will be denied.