**UNITED STATES of America,**
**Plaintiff,**

v.

**CONTINENTAL CAN COMPANY, Inc.,**
**Defendant.**

United States District Court
S. D. New York.

July 9, 1958.

Edward J. Gruis, Washington, D. C., William H. McManus, Samuel V. Greenberg, Attorneys, Department of Justice, Richard B. O'Donnell, Antitrust Division, Department of Justice, New York City, for plaintiff.

Willkie, Farr, Gallagher, Walton & Fitz Gibbon, New York City, Mark F. Hughes, Helmer R. Johnson, Bowie K. Kuhn, New York City, of counsel, for defendant.

DAWSON, District Judge.

This is a motion for discovery made pursuant to Rule 34 of the Rules of Civil

Procedure, 28 U.S.C.A., which seeks an order directing the defendant to produce at the office of the Antitrust Division of the Department of Justice, at the United States Courthouse in New York, certain books, papers and documents and to permit them to be copied by the plaintiff.

The action is one brought by the Government under the provisions of the Clayton Act, 15 U.S.C.A. §§ 12–27. The offense charged in the complaint is that on September 19, 1956, the defendant and Robert Gair Company, Inc., entered into an agreement of merger which was thereafter approved and consummated; and that the effect of this merger will be substantially to lessen competition or to tend to create a monopoly in violation of § 7 of the Clayton Act, 15 U.S.C.A. § 18. The action is described by the attorneys for the Government in their brief as "a complex and protracted antitrust suit."

■ The documents sought to be discovered are described generally in fifty categories contained in the notice of motion. Each one of the categories would require production of numerous documents. For example, item 8 would require production of "all notices, announcements, correspondence, memoranda or other written communications prepared, issued or received by subsidiaries, divisions, departments, plants, sales offices or sales representatives, executives, supervisory personnel and employees" of defendant "referring to or relating to defendant's acquisition of the whole or any part of the stock or assets of or from" twenty-six different companies. An affidavit submitted by the Vice-President of the defendant states that "currently there are about 310 file locations in the United States in which such material might possibly be found." It also points out that defendant has more than a dozen decentralized divisions which contain in total 57 plants and 84 district or regional sales offices. The volume of files which will have to be searched to comply with the proposed order for production and the amount of papers which will have to be produced in response to the proposed order would truly be staggering. To the extent that such papers are necessary and relevant they should, of course, be produced. The Court recognizes that the discovery rules should be applied to provide disclosure of facts and issues to the fullest practicable extent and that rules for discovery in antitrust cases should be construed liberally to permit discovery. Leonia Amusement Corp. v. Loew's, Inc., D.C.S.D.N.Y.1954, 16 F.R.D. 583.

However, the courts in recent years have become acutely aware of the fact that in long and protracted cases, such as these antitrust cases, interparty discovery proceedings under the Rules of Civil Procedure, not arranged for on a judge's pre-trial program, are not helpful in elimination of unnecessary delay, expense or volume of record, and that this delay, expense and volume of the record impose unfair burdens on the litigants and impossible burdens on the courts.

■ Nor is it possible for the Court to decide *in vacuo* what documents are "relevant to the subject matter involved in the pending action" and therefore "constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b)."[1] To do so must presuppose that the judge has some knowledge of the issues involved in the action. However, the complaint in an antitrust action apparently does not have to define the issues with any precision. Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319. As the distinguished Chief Judge of the Tenth Circuit has stated:

"Particularization of the issues is indeed the first order of business. But the rules do not contemplate

---

1. Federal Rules of Civil Procedure 34, 26 (b).

their definition by paper pleadings. They are to be ascertained and articulated by the free use of controlled pre-trial discovery under the guiding hand of the judge who has the responsibility for the trial of the case." New Home Appliance Center v. Thompson, 10 Cir., 1957, 250 F.2d 881, 883–884.

Faced with the problem of deciding "relevance" when the issues have not been clearly defined, some courts have taken the easy course of deciding that everything is probably relevant. Bank of America v. Loew's International Corporation, D.C.S.D.N.Y.1956, 19 F.R.D. 115. However, a court should not lightly abdicate its responsibility of deciding what is relevant and whether "good cause"[2] has been shown for the production of documents. See 4 Moore, Federal Practice, Par. 34.08.

■ Caught thus between the Scylla of not knowing precisely what the issues are, and the Charybdis of deciding whether the documents are relevant to undefined issues, the courts have tried to establish reasonable procedures for meeting the problem. A committee appointed by the Judicial Conference of the United States spent considerable time studying the problem and thereafter the Judicial Conference adopted and promulgated a report which pointed the way to a solution of this and other problems in cases of this nature. This is the so-called "Prettyman Report" entitled "Procedure in Antitrust and Other Protracted Cases." 1951, 13 F.R.D. 62. The Committee pointed out that

"It is not practical to proceed in these cases as in a lawsuit of ordinary complexity and bulk; that is, to let the parties exhaust the cross fire of pleading, to conduct open-court pre-trial hearings, or to let counsel try the case as they please. The potential range of issues, evidence and argument is so great, and the necessities of adversary representation so compelling, that the activities of counsel will result in records of fantastic size and complexity unless the trial judge exercises rigid control from the time the complaint is filed." At page 66.

The Committee then reached the following conclusions:

"All preliminary motions should be considered and disposed of by the judge who will hear and determine the cause."

"In a case of the type here under consideration, where pre-trial is a necessary, although preliminary, part of the trial proceeding, deposition or discovery proceedings outside the planned scope of the judge's direction are likely to be at least surplusage if not quite in conflict with the judge's program.

"Your Committee is, therefore, of the view that interparty discovery proceedings, under the Rules of Procedure, not arranged for in the judge's pre-trial program, are not helpful in the elimination of unnecessary delay, expense or volume of record." At page 83.

The Rules of this District provide the means for putting the recommendations of this Committee into effect. See General Rule 2 and Calendar Rule 16 of the Rules of the District Court, Southern District of New York.[3] However, the

---

2. Where an order is sought for the discovery and production of documents under Rule 34, it is necessary that the moving party show "good cause" therefor.

3. General Rule 2—"Terms of Court
  " * * * The chief judge may assign a long and complicated case to a judge for all purposes including the following: (1) to hear all motions and preliminary applications; (2) to conduct

the pre-trial conference and (3) to preside at the trial of the action."
  Calendar Rule 16—"Pre-Trial Conference on Application
  "After the note of issue is filed and before the action appears on a pre-trial call calendar, the pre-trial judge, on written notice and for good cause shown, may set the action for a pre-trial conference for a day certain, and the clerk shall thereupon mail a notice of the conference to the attorneys of record, which

rules are not self-executing. They require that an application be made to the Chief Judge for the assignment of a long and protracted case to a single judge, and that application be made for the holding of a pre-trial conference before that judge. It may be assumed that when a proper showing is made the Chief Judge will grant such applications.

Inquiry by the Court to counsel for the moving party on the argument of this motion discloses, however, that they had made no such application, giving as their reason that they "did not wish to disturb the Chief Judge." While such consideration is, of course, commendable, it nevertheless raises the question of whether the moving party has taken the preliminary steps which should have been taken in a case of this nature before making application for such widespread discovery as is contained in the motion. If the Government wishes to establish that it has shown "good cause" for the discovery, a due consideration for the problems of the parties and the court would pre-suppose that the Government would have taken the steps provided by the Rules to request the assignment of the case to a judge who could supervise the pre-trial proceedings and discovery in the manner outlined in the "Prettyman Report." That the use of the procedures outlined in that Report is endorsed by the Department of Justice appears from the remarks of Honorable Robert A. Bicks, First Assistant, Antitrust Division, at the Seminar on Protracted Cases held in New York City in August 1957. See 21 F.R.D. 417.

The problems which exist in protracted cases, such as the present one, including the current motion and similar motions which undoubtedly will be made in the same case in the near future[4] are problems of long standing. The courts have pointed the way to a better handling of these problems. The court rules make the procedures available. Apparently all that has been lacking is action on the part of the Government to take the steps necessary to invoke these procedures. Until such steps have been taken the Court must conclude that the Government has not shown good cause for the relief demanded in the present motion. The motion is denied at the present time, without prejudice to its renewal at an appropriate time, after the Government has shown that it has taken such steps as are available to it in accordance with the recommendations above outlined. So ordered.

---

shall include the information required to be given the attorneys by Rule 15(b)."

4. Counsel for the defendant stated on the argument that the defendant expected in the near future to bring on a motion for discovery relating to the Government's case.