**SOUTH SIDE DRIVE-IN CO., Inc.**

v.

**WARNER BROS. PICTURES DISTRIBUTING CORPORATION et al.**

Civ. A. No. 29700.

United States District Court
E. D. Pennsylvania.

Feb. 23, 1962.

---

Laurence Brunswick, Philadelphia, Pa., and Seymour F. Simon, Chicago, Ill., for plaintiff.

Arlin M. Adams, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for United Artists Corp., Metro-Goldwyn-Mayer, Inc., Columbia Pictures Corp. and Paramount Film Distributing Corp., American Internat'l Film Distrib. Corp.

Louis J. Goffman, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for Warner Bros. Pictures Distr. Corp. and Stanley Warner Management Corp.

H. Francis DeLone, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for Buena Vista Dist. Co.

Ralph Earle, II, Arthur Littleton, of Morgan, Lewis & Bockius, Philadelphia, Pa., for 20th Century Fox Film Corp.

Charles F. Young, Royal, Koegel & Rogers, New York City, for 20th Century Fox Film Corp.

LUONGO, District Judge.

As one of the opening phases of this anti-trust action, we have before us defendants' motion pursuant to Rule 12, F.R.Civ.P. 28 U.S.C.A., to strike various paragraphs of the complaint. Plaintiff, owner and operator of a drive-in or outdoor theatre, alleges violations of the Sherman and Clayton Acts, 15 U.S.C.A. § 1 et seq., by defendants, eight distributors and two exhibitors of motion pictures.

█ Rule 8(a) (2) requires that a complaint consist of " * * * a short and plain statement of the claim showing that the pleader is entitled to relief". Motions to strike, however, are not generally looked upon with favor and courts have been even less sympathetic to them in anti-trust litigation. Allegations in a complaint which supply background or historical material or which are of an evidentiary quality will not be stricken unless unduly prejudicial to defendant. Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corporation, 2 F.R.D. 305 (D.C. S.D.N.Y.1942) ; Tivoli Realty, Inc. v. Paramount Pictures, Inc., 80 F.Supp. 800 (D.C.D.Del.1948), where it was stated, at page 803:

> "Motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party."

Of course, the liberality permitted in pleadings is not unbounded. A complaint in anti-trust was struck down in New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corporation, 16 F.R.D. 203 (D.C.S.D.N.Y.1954) as being "a mass of prolix verbiage". While the complaint there was not described by the court in detail, it did contain " * * * a series of allegations of all the misdeeds of the motion picture industry from the nineteen twenties to date * * * ". In Metropolitan Theatre Corp. v. Warner Bros. Pictures, Inc., 12 F.R.D. 516 (D.C. S.D.N.Y.1952), the complaint, consisting of 97 paragraphs in a 55 page printed booklet divided into numerous divisions and sub-divisions, was stricken as "a gross violation of Rule 8". Courts have struck down complaints or portions of complaints only in extreme cases, of which the two above-mentioned are illustrations.

█ The complaint before us could have been streamlined and made more concise, it contains allegations unnecessary to the bare requirements of notice pleading, but it falls so far short of the abuses of the complaints in the New Dyckman Theatre and the Metropolitan Theatre cases, supra, as to make the drastic action taken in those cases completely inappropriate to the instant case.

Specifically defendants object to paragraphs 11, 12, 17 and 20. We have considered the numerous cases cited to us by the parties and have concluded that defendants' motion to strike should be denied in every respect.

The thrust of the complaint is that, pursuant to a conspiracy among the defendants, plaintiff has been and is the object of discrimination, denying it the opportunity for simultaneous showing of a film in its outdoor theatre at the same time as that film is being run in a conventional theatre. Plaintiff alleges that the denial to it is based not on a reasonable business purpose but rather with the object to keep favored theatres ahead of plaintiff.

In paragraphs 11 and 12 plaintiff lays the groundwork for its cause of action. In essence, it avers that defendants, in Philadelphia as well as in other large metropolitan areas of the United States, follow a policy which does not preclude the simultaneous showing of a film in a

conventional and in an outdoor theatre. We consider such a general allegation proper in this complaint. The fact that plaintiff has specifically enumerated the metropolitan areas to which it refers does not justify striking the allegation. The complaint would be satisfactory if phrased in general terms; its specificity, while unnecessary, does not render it bad.

 It is virtually impossible to prove a conspiracy of this nature by direct evidence; it must usually be done circumstantially. Although plaintiff can show that all defendants have followed identical courses in their dealings with it, mere uniformity of action is ordinarily insufficient to warrant an inference of conspiracy. Theatre Enterprises, Inc. v. Paramount Film Distributing Corp., 346 U.S. 537, 74 S.Ct. 257, 98 L.Ed. 273 (1954). Plaintiff must go further and negate the possibility that the uniformity of action is merely a "common business solution of identical problems in a local competitive area", and show that defendants' conduct is unreasonable.

 The gist of the complaint is that "clearance" is granted plaintiff's conventional competitors, thereby preventing simultaneous showing of films at plaintiff's outdoor theatre. But a "clearance" is not per se invalid. Orbo Theatre Corporation v. Loew's, Incorporated, 156 F. Supp. 770 (D.C.D.C.1957); Harrison v. Paramount Pictures, Inc., 115 F.Supp. 312 (D.C.E.D.Pa.1953). For a "clearance" to be invalid it must be found to be unreasonable, i. e. that it springs not from a reasonable business purpose but from a concerted effort to favor one theatre over a competitor. Harrison v. Paramount Pictures, Inc., supra.

 Plaintiff attempts to satisfy this requirement by alleging that defendants' policy is not to grant clearance to conventional over outdoor theatres on first neighborhood run but that, in their dealings with plaintiff, defendants have uniformly deviated from that policy and have granted clearance to plaintiff's conventional competitors. Insofar as plain-

tiff attempts to show that it is treated differently than other comparable theatres, and that the basis for this discrimination is conspiratorial rather than the common business solution of an identical problem in a local competitive area, the allegations in question are not irrelevant. Paramount Film Distributing Corporation v. Village Theatre, Inc., 228 F.2d 721 (10th Cir. 1955); Milgram v. Loew's, Inc., 192 F.2d 579 (3rd Cir. 1951); Austin Theatre, Inc. v. Warner Bros. Pictures, Inc., 30 F.Supp. 156 (D.C.S.D.N.Y.1958). Cf. New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corporation, supra.

Defendants argue that the only parts of their actions which are relevant are those which are directed at plaintiff. Obviously defendants' actions vis-à-vis plaintiff are of immediate concern, but such actions will have to be evaluated and that cannot be done in a vacuum. Defendants' actions will have to be characterized, at some stage of the proceedings, either as a reasonable business practice or conspiratorial discrimination, and such characterization would be impossible in the narrow context urged by defendants.

 Secondly, defendants assert that to permit allegations to remain in the complaint which refer to geographic areas other than the immediate one in question will open the discovery and trial doors to all manner of issues. Nevertheless plaintiff must be given an opportunity to plead and prove its case. When discovery in specific areas is sought, or when certain evidence is sought to be introduced at trial, the court may at that time limit the scope of plaintiff's horizon to what then appears to be reasonable and practical limits. Milgram v. Loew's, Inc., supra; Austin Theatre, Inc. v. Warner Bros. Pictures, Inc., supra; Stephens Theatre Corporation v. Loew's, Inc., 17 F.R.D. 494 (D.C.E.D.N.Y.1955). It would be unwise to attempt such a limitation at the present stage of the

**36**

proceedings. To do so might seriously impede subsequent discovery efforts, since it is not uncommon for courts to use the complaint as a point of reference in determining the scope and relevancy of discovery. Curtis v. Loew's, Inc., 20 F.R.D. 444 (D.C.D.N.J.1957). The argument, therefore, that paragraphs 11 and 12 are evidentiary, to be developed by discovery, but irrelevant in the complaint, fails to persuade us.

■ As to paragraph 17, it contains an allegation that defendants, acting in concert, have established a twenty-eight day waiting period after the first run showing of a film, the effect of which has been to eliminate competition among defendants and to result in injury to the plaintiff. Although this does not seem to be plaintiff's chief basis for complaint, nevertheless it is a basis for complaint. Whether or not plaintiff will be able to prove this allegation by showing the elements essential to this issue, e. g. demand,[1] unreasonableness,[2] and injury,[3] is more properly a matter to be disposed of at trial.

■ Finally, defendants object to paragraph 20, which refers to the findings of fact, conclusions of law, and decrees involved in the case of United States v. Paramount Pictures, Inc.,[4] a criminal anti-trust action. Congress has provided that a final decree in a criminal

anti-trust proceeding shall be prima facie evidence against the defendant in a subsequent civil anti-trust suit. Numerous cases were cited to the court by both sides. In some the Paramount decrees were held relevant and admissible, e. g. Sablosky v. Paramount Film Distributing Corporation, 137 F.Supp. 929 (D.C. E.D.Pa.1955); Tivoli Realty, Inc. v. Paramount Pictures, Inc., 80 F.Supp. 800 (D.C.D.Del.1948), while in others the contrary result was reached, e. g. Park Neponset Corporation v. Smith, 258 F.2d 452 (1st Cir.1958); Robbinsdale Amusement Corporation v. Warner Bros. Pictures Distributing Corporation, 141 F.Supp. 134 (D.C.D.Minn.1955).

The admissibility or exclusion of the Paramount decree should not be determined by a motion to strike, instead, as with most evidentiary questions, it is better left for determination at the time of trial. Pleading the decree will not prejudice the defendants. In their answer, defendants may or may not be required to admit the allegations relating to the decree, but in any event, even assuming that they must admit the allegation, they will still be free to deny its relevancy. Under those circumstances, of course, the matter of admissibility will be left for ruling by the Court at the time of trial, at which time the issue of admissibility may be in much sharper focus.

1. Royster Drive-In Theatres, Inc. v. American Broadcasting-Paramount Theatres, Inc., 268 F.2d 246 (2nd Cir. 1959); Milwaukee Towne Corp. v. Loew's, Inc., 190 F.2d 561 (7th Cir. 1951); Sablosky v. Paramount Film Distributing Corporation, 137 F.Supp. 929 (D.C.E.D.Pa.1955).

2. Paramount Film Distributing Corporation v. Village Theatre Inc., 228 F.2d 721 (10th Cir. 1955); Milgram v. Loew's, Inc., 192 F.2d 579 (3rd Cir. 1951); Basle Theatres, Inc. v. Warner Bros. Pictures Distributing Corporation, 168 F.Supp. 553 (D.C.W.D.Pa.1958); Orbo Theatre Corporation v. Loew's, Incorporated, 156 F. Supp. 770 (D.C.D.C.1957); Robbinsdale Amusement Corporation v. Warner Bros. Pictures Distributing Corporation, 141 F.

Supp. 134 (D.C.D.Minn.1955); Fanchon & Marco v. Paramount Pictures, Inc., 100 F.Supp. 84 (D.C.S.D.Cal.1951).

3. New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corporation, 16 F.R.D. 203 (D.C.S.D.N.Y.1954); Metropolitan Theatre Co. v. Warner Bros. Pictures, Inc., 12 F.R.D. 516 (D.C.S.D.N.Y.1952); Fanchon & Marco v. Paramount Pictures, Inc., supra.

4. 66 F.Supp. 323 (D.C.S.D.N.Y.1946); 70 F.Supp. 53 (D.C.S.D.N.Y.1947); 334 U. S. 131, 68 S.Ct. 915, 92 L.Ed. 1260 (1948); 85 F.Supp. 881 (D.C.S.D.N.Y. 1949); 339 U.S. 974, 70 S.Ct. 1032, 94 L.Ed. 1380 (1950); 340 U.S. 857, 71 S. Ct. 70, 95 L.Ed. 627 (1950).

## ORDER

AND NOW, this 23rd day of February, 1962, it is ORDERED that the motion of defendants, pursuant to Rule 12, to strike portions of plaintiff's complaint is denied.