A. ZERKOWITZ & CO. et al., Plaintiffs,

v.

UNITED STATES RUBBER CO. et al., Defendants.

United States District Court
S. D. New York.
July 29, 1963.

Hartman & Craven, New York City, for plaintiff.

Arthur, Dry, Kalish, Taylor & Wood, New York City, for defendant United States Rubber Co.

Alexander & Green, New York City, for defendant Rubber Mfgs. Assoc.

White & Case, New York City, for defendant B. F. Goodrich Co.

COOPER, District Judge.

This is a motion by plaintiffs pursuant to Rule 34 of the Federal Rules of Civil Procedure for discovery and inspection of certain documents allegedly in the possession of defendants. The defendant, United States Rubber Company (U. S. Rubber), is the only defendant objecting to the motion.

The underlying action is for damages resulting from a conspiracy to violate the anti-trust laws and for restraint of trade. Plaintiffs allege that defendants conspired to mislead Customs and Tariff officials into fixing import duties on rubber-soled shoes at an improperly high figure.

U. S. Rubber objects to four of the items in the motion—Paragraphs 1(a), 1(b), 1(c) and 1(f).

In Leonia Amusement Corporation v. Lowe's Incorporated, 16 F.R.D. 583 (S.D. N.Y.1954), this court said at page 584:

"I think it is generally conceded that the rule for discovery in these anti-trust cases should be liberally construed to permit discovery. In such cases the facts of the conspiracy are largely in the possession and within the knowledge of the defendants. This is because of the very nature of the claimed conspiracy. The acts which constitute it are usually unavailable and unknown to plaintiff. Resort therefore, must be had to the discovery procedure of the Federal Rules of Civil Procedure and the Courts have almost.

uniformly been most liberal in the construction and interpretation of the Federal discovery procedure."

In paragraph 1(a) plaintiffs seek the records of the percentage of rubber-soled footwear in the United States Market supplied by this defendant for the years 1956–1961. Plaintiffs having alleged that defendants, acting in concert, violated the anti-trust laws, the information sought in 1(a) is to determine whether U. S. Rubber was able to control the Footwear Division of the Rubber Manufacturers Association, and cause it, and defendant members, to combine in violation of the anti-trust laws. It appears from the bylaws of that association, as amended, that a member in control of the industry (by sales percentage) could control the association. The information requested in 1(a) has relevancy and is material to the within action.

Defendant's objection is overruled and the motion as to 1(a) is granted.

In paragraph 1(b) plaintiffs seek the production cost records of U. S. Rubber for the years 1956–1961. Defendant fears that to turn over such records would mean disclosing secret business information which would substantially injure it. Although this objection does not prevent discovery and inspection where good cause has been shown, "Nevertheless, it is also appropriate for the court to be cautious in permitting discovery which might prove to be oppressive, and all avenues ought to be explored in an effort to eliminate or minimize hardship." Service Liquor Distributors, Inc. v. Calvert Distillers Corp., 16 F.R.D. 507, 509 (S.D.N.Y.1954).

Plaintiffs contend that it is critical for them to know whether U. S. Rubber has used a certain uniform accounting manual for establishing and compiling their cost information figures. It would appear that use of this manual would be in violation of a FTC cease and desist order.

Plaintiffs admit in their memorandum of law that they have made no prior attempt to determine whether U. S. Rubber used the manual or some other method to prepare their cost figures. Page 8 of plaintiffs' reply memorandum states, "There would have been no point in asking for this information directly on the examination before trial of the defendant (which has not yet been concluded) since prior examinations have demonstrated the futility of attempting to ask meaningful questions * * *"

This court is in agreement with plaintiffs that the cost records are a proper subject for discovery under Rule 34. However, because of the importance of the material to this defendant, the court directs plaintiffs to continue the examination before trial and determine if possible whether the manual method in question was used. Availability of other discovery devices is an important factor in determining whether good cause has been shown as required by Rule 34. Thompson v. Hoitsma, 19 F.R.D. 112, 114 (D.N.J.1956).

Plaintiffs' motion for discovery under paragraph 1(b) is denied without prejudice for failing to show good cause at this time.

Defendant next objects to paragraph 1(c) which requests relevant statistical data circulated to members of defendant Rubber Manufacturers Association, a copy of which was retained by U. S. Rubber. Plaintiffs assert that the information was used in misleading the Customs Authorities into raising soft-soled shoe tariffs. It is clearly relevant and material.

Defendant's objection is overruled and the motion is granted as to 1(c).

Defendant's final objection is to paragraph 1(f) which seeks books, records, etc., maintained by U. S. Rubber indicating the number of pairs of "U. S. Keds" produced and sold in the years 1956–1961. Defendant's objection is limited to providing this information by affidavit or certified statement. Plaintiffs have not objected to this request, and the court believes that defendant's request will aid and facilitate the plaintiffs' discovery.

The request to submit the information required by paragraph 1(f) in affidavit or certified statement form is granted.

Settle order on three days notice by August 9, 1963.