Robert **LAUER**

v.

**A/S MEYERS TANKREDERI**

v.

**INDEPENDENT PIER COMPANY.**

**Civ. A. No. 31180.**

United States District Court
E. D. Pennsylvania.
Jan. 21, 1966.

Freedman, Borowsky & Lorry, by Avram G. Adler, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, by Raul Betancourt, Jr., Philadelphia, Pa., for defendant.

Kelly, Deasey & Scanlan, by Francis A. Scanlan, Philadelphia, Pa., for third-party defendant.

JOSEPH S. LORD, III, District Judge.

Defendant moves under F.R.Civ.P. 34 for the production by plaintiff of "all books and records reflecting income from any source from February 9, 1961, to date, Philadelphia City Wage Tax returns, and complete records of all bank accounts and deposits and withdrawals and statements." The asserted basis for the motion is that although plaintiff claims he "cannot do any work whatsoever" (plaintiff's answers to defendant's interrogatories), he nevertheless has a listing in the Philadelphia telephone directory as a hauler. Plaintiff has filed no income tax returns since 1961.

■ Requisite to the production of documents under Rule 34 is, of course, a showing of good cause. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). I can find no case, and counsel's diligence has uncovered none, where the sweeping production sought here has been granted in connection with a suit for personal injuries. Aside from the Philadelphia City Wage Tax returns, the motion seeks to inquire into the complete financial life of the plaintiff. It would encompass gifts, gratuitous assistance, loans, and even income from gambling (this is not to imply that plaintiff gambles), none of which is any of the defendant's business.

The institution of a personal injury suit by one who never asked to be hurt in the first place does not constitute probable cause for the issuance of a search warrant into his personal financial affairs. Personal injury is not an "open sesame" into the victim's private finances. To grant such a motion without a strong showing of good cause would establish a precedent for a dangerous and unwarranted incursion into the financial privacy of personal injury plaintiffs.

■■ No reason appears why searching interrogatories would not elicit all information to which defendant is entitled. Availability of other discovery methods where good cause need not be shown in itself ordinarily negates the existence good cause in a Rule 34 motion. Thompson v. Hoitsma, D.C., 19 F.R.D. 112 (N.J.1956). Cf. Guilford National Bank of Greensboro v. Southern Railway Company, 297 F.2d 921, 926, 927 (C.A. 4, 1962); A. Zerkowitz & Co. v. United States Rubber Co., 221 F.Supp. 855, 857 (S.D.N.Y.1963). The revelation defendant seeks is drastic; the cause shown should be equally drastic. In this case, it is not, insofar as the motion seeks production of records other than the Philadelphia City Wage Tax returns. As to those, defendant is entitled to an authorization from plaintiff giving defendant access to such returns. Bush v. Chicago, B. & Q. R. Co., D.C., 22 F.R.D. 188 (Neb.1958).

### ORDER

And now, January 21, 1966 it is ordered as follows:

1. Defendant's motion for the production of all books and records reflecting income from any source from January 9, 1961 to date, and complete records of all bank accounts and deposits and withdrawals and statements is denied.

2. Plaintiff is directed to provide defendant with an authorization to obtain and examine the Philadelphia City Wage Tax returns of the plaintiff from 1961 to date.