**WILLIAM GOLDMAN THEATRES, INC.,**
**et al.**

v.

**METRO-GOLDWYN-MAYER, INC., et al.**

**Civ. A. No. 69-1285.**

United States District Court,
E. D. Pennsylvania.

Sept. 30, 1971.

Henry W. Sawyer, III, Philadelphia, Pa., for plaintiffs.

Irving Segal, Philadelphia, Pa., for MGM, Paramount and United Artists.

Franklin Poul, Philadelphia, Pa., for Warner Bros.

K. Robert Conrad, Philadelphia, Pa., for Nat's Gen & Cinerama.

## MEMORANDUM OPINION

WEINER, District Judge.

In this suit for damages under the anti-trust laws the plaintiffs, as defendants in a counter-claim, issued certain interrogatories against the counter claimant. The interrogatories under fire were objected to on the grounds that the information sought is not relevant to the subject matter of this suit and cannot lead to the discovery of evidence admissable at trial and also objected to interrogatory 50 on the ground that said interrogatory is unreasonably burdensome and oppressive.

Interrogatory 48 requests information concerning the location of each branch, district or divisional office maintained in the United States. Interrogatory 49 asks information about the specific geographical boundaries of the areas over which each branch, district and divisional office has jurisdiction and a description of any changes which had occurred during a specified period of time.

In Hopkinson Theatre v. RKO Radio Pictures, 18 F.R.D. 379, 383 (S.D.N.Y. 1956), the Court emphatically stated that a nation-wide roving inquisition into the historical misdeeds of the moving picture industry would not be tolerated unless the interrogatories are reasonably calculated to bear upon the issue of conspiracy. We note that the counter-claim is limited to an alleged local conspiracy in restraint of trade and is confined to the Philadelphia area.

The opinion in the case of T. C. Theatre Corp. v. Warner Bros. Pictures, Inc., 16 F.R.D. 173 (S.D.N.Y.1954) explicitly dealt with this issue. There it was decided that in an anti-trust suit involving a conspiracy to deprive plaintiff's theatre of second run films, inquiries on a nation-wide scale are not relevant, and the interrogatories should be limited to the specific locality. Compare with Burroughs v. Warner Bros. Pictures, 12 F.R.D. 491 (D.C. Mass.1952) and Hopkinson Theatre v. RKO Radio Pictures, supra, e. g., South Side Drive-In Co. v. Warner Bros. Pictures Dist. Corp., 30 F.R.D. 32 (E.D.Pa. 1962).

We agree with the view expressed in *T. C. Theatre Corp.* and conclude that as the counter-claim is simply one dealing with a purely local conspiracy in restraint of trade, interrogatories that attempt to inquire into nation-wide activities are irrelevant.

Interrogatory 50 asks information that is predicated upon answers to 48 and 49. Inasmuch as we have held that the objections to 48 and 49 are valid, our ruling shall also apply to interrogatory 50.