**VANCE v. UNITED STATES et al.**

United States District Court
S. D. New York.

Jan. 3, 1951.

Edward Vance, E. Williston, L. I., N. Y., in person.

Spring & Eastman, Myles J. Lane, U. S. Atty., Schwartz & Frohlich, Townley Updike & Carter, Sidney Wm. Wattenberg, Miller & Miller and Benjamin Starr, all of New York City, for defendants.

RYAN, District Judge.

Defendants move to dismiss the amended complaint under Rule 12(b), Fed.Rules Civ. Proc. 28 U.S.C.A., alleging (1) that it fails to state a claim under which relief against them can be granted, and (2) that the court lacks jurisdiction over the subject matter of the complaint. The defendants make other motions, but it is unnecessary to consider these.

The amended complaint represents the ninth effort by the plaintiff, a layman, to state a claim in the federal courts in connection with the same matter. Through all of these attempts the one consistent note is plaintiff's assertion that several songs which he composed were pirated by some of the defendants. To this contention, plaintiff subsequently added the claim that he has been "injured in his business or property" as a result of the alleged violation of the anti-trust laws, 15 U.S.C.A. § 15, by defendant ASCAP. The motions will be considered as addressed to these two claims, since no other colorable claim appears from the somewhat confused and infinitely prolix allegations of the complaint.

It is fundamental that to state a valid claim for relief under 15 U.S.C.A. § 15, plaintiff must allege damage resulting from defendant's anti-trust violations. Plaintiff does allege such violation by defendant ASCAP, and that he has suffered damage, but it does not appear that the damage of which he complains resulted from the violation. On the contrary, the allegations of the complaint demonstrate quite plainly that whatever injury he suffered came about solely through the alleged piracy of his tunes by several of the defendants, including ASCAP. Participation in such piracy does not constitute an anti-trust violation which permits one injured thereby to sue for damages under Sec. 15. The complaint does not state a valid claim for relief under that section.

Plaintiff also claims that several tunes which he composed were pirated by some of the defendants. Since these were not copyrighted by plaintiff, it is clear that his claim in this regard must be considered as simply one for common law piracy. But, for this court to have jurisdiction over such a claim it is necessary that the sum in controversy be at least $3,000 and that diversity of citizenship exist between the parties.

Plaintiff is a citizen of Missouri. The defendant ASCAP is an unincorporated association, some of whose members are also citizens of Missouri. It is, thus, apparent,

that diversity does not obtain, and that this court is without jurisdiction of the claim for common law piracy. Sperry Products, Inc., v. Association of American R. R., 2 Cir., 1942, 132 F.2d 408, 410, 145 A.L.R. 694; Levering & Garrigues Co. v. Morrin, 2 Cir., 1932, 61 F.2d 115; Williams v. United Brotherhood of Carpenters & Joiners of America, D.C.1948, 81 F.Supp. 150.

Defendants' motions to dismiss under Rule 12(b) are, therefore, granted: (1) for lack of jurisdiction with respect to the piracy claim and (2) for failure to state a valid claim for relief with respect to the anti-trust laws.