## METROPOLITAN THEATRE CO. v. WARNER BROS. PICTURES, Inc. et al.

United States District Court
S. D. New York.
June 24, 1952.

William Gold, New York City (J. Robert Ellner, New York City, of counsel), for plaintiff.

Meyer H. Lavenstein, New York City, for defendant Republic Pictures Corp.

Robert W. Perkins, New York City, for defendant Warner Bros. Pictures, Inc.

Adolph Schimel, New York City, for defendant Universal Pictures Co., Inc.

Phillips, Nizer, Benjamin & Krim, New York City, for defendant United Artists Corp.

J. Miller Walker, New York City, for defendants RKO Radio Pictures, Inc., and Radio-Keith-Orpheum Corp.

Schwartz & Froehlich, New York City, for defendant Columbia Pictures Corp.

J. Robert Rubin, New York City, for Loew's Incorporated and Leow's Theatre & Realty Corp.

O'Brien, Driscoll & Raftery, New York City, for defendant RKO Rhode Island Corp.

Louis Phillips, New York City, for Austin C. Keough, Barney Balaban, Adolph Zukor, Alfred W. Schwalberg, Edward K. O'Shea and Hugh Owen.

S. H. KAUFMAN, District Judge.

In an action brought to recover treble damages and for injunctive relief by reason of an alleged conspiracy to violate the federal anti-trust laws, certain defendants move to strike specified paragraphs of the complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S. C.A.

During oral argument the moving defendants raised the additional question as to whether or not the complaint in its entirety violates the provisions of Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff is an independent exhibitor of motion picture films and operates a theatre in Providence, Rhode Island. There are 42 defendants, consisting of (a) corporations described as "distributors" of motion picture films, (b) corporations described as "exhibitors" of motion picture films, each of which is alleged to be "affiliated" with a defendant distributor corporation, and (c) individual defendants who are alleged to be officers, directors, managing agents or authorized representatives of certain corporate defendants.

The complaint consists of 97 paragraphs and is printed in a 55-page booklet. It is divided into seven parts, each of which bears a separate title,[1] and most of which are separated into subdivisions.

The first 48 paragraphs of the complaint are devoted, in the main, to a minute particularization of each of the parties, and a description of the history and general characteristics of the motion picture industry. The next three paragraphs of the complaint charge a conspiracy by defendants to violate Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2, pursuant to which fourteen specific violations are alleged to have been committed, all of which are pleaded in detail. In addition, certain defendants, none of whom is specifically named, are alleged to have aided in effectuating the alleged conspiracy by entering into "common plans or schemes" to restrict or eliminate the competition of independent exhibitors. The next paragraph of the complaint alleges the violation by defendants of Sections 1 and 3 of the Robinson-Patman Act, 15 U.S.C.A. §§ 13, 13a, in fourteen distinct respects. The next 27 paragraphs, which cover some seventeen printed pages, are a subdivision of part V of the complaint and bear the title "Application of Defendants' Aforesaid Violations of Sections 1 and 2 of the Sherman Act and of Sections 1 and 3 of the Robinson-Patman Act to Plaintiff, and Its Business". This subdivision is further separated into four subdivisions, one of which is further split into three sub-sub-subdivisions. The balance of the complaint consists of what may be termed a "Sum-mation";[2] and concludes with a detailed particularization of the injunctive relief and monetary damages which plaintiff seeks to obtain in this action.

Although the problems which are encountered in cases of this nature are not new, the increased volume of private and governmental litigation in the field has magnified their acuteness to an alarming extent.[3] The prospective consumption of time and energy and the increased possibility of error are but a few of the consequences which arise therefrom.

Some of these problems have recently been reviewed by a committee of judges and their report has been adopted by the Judicial Conference of the United States.[4]

At the outset, the report points out (p. 7):

"It is not practical to proceed in these cases as in a lawsuit of ordinary complexity and bulk; that is, to let the parties exhaust the cross fire of pleading, to conduct open-court pretrial hearings, or to let counsel try the case as they please. The potential range of issues, evidence and argument is so great, and the necessities of adversary representation so compelling, that the activities of counsel will result in records of fantastic size and complexity unless the trial judge exercises rigid control *from the time the complaint is* filed." (Emphasis supplied.)

It is with this background in mind that the instant complaint has been examined. Such a study demonstrates that its allegations are prolix, verbose and redundant,

---

1. I. Statement of Jurisdiction and Venue; II. The Structural Organization of the Motion Picture Industry; III. The Parties and Their Relative Standing in the Industry; IV. History and Description of the Motion Picture Industry; V. The Offenses Charged; VI. Equitable Avenues for (1) Relieving Plaintiff from the Damaging Effect of Defendants' Conduct, and (2) Causing Defendants to Disgorge Their Unlawfully Acquired Gains; VII. The Relief Sought.

2. VI. Equitable Avenues for (1) Relieving Plaintiff from the Damaging Effect of De-fendants' Conduct, and (2) Causing Defendants to Disgorge Their Unlawfully Acquired Gains.

3. This is especially so in this district, where the jury calendar is 32 months behind, the non-jury calendar 29 months, and the admiralty calendar 28 months; and it is at once apparent that the delay which now exists can easily be increased tremendously by cases which take months and even years to try.

4. "Procedure in Anti-Trust and Other Protracted Cases", September 26, 1951.

that it sets forth an extensive amount of evidence, and contains many conclusory allegations. In fairness to plaintiff, however, it should be stated that it is not the the first offender: the complaint here is quite typical of those which are currently being filed in actions of this nature. The question presented is whether or not that practice should be continued, in view of the specific provisions of Rule 8 of the Federal Rules of Civil Procedure and the serious consequences which ordinarily flow from procedural problems which arise in cases of this nature. Subdivision (a) of Rule 8 provides that

"A pleading * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled."

And subdivision (a) of Rule 8 provides that

"Each averment of a pleading shall be simple, concise, and direct."

The instant complaint is a gross violation of Rule 8. It will, therefore, be stricken, with leave to plaintiff to file an amended pleading which contains simple, concise and distinct averments, and conforms with Rule 8.[5] The amended complaint should avoid characterizations, lectures, dissertations, unnecessary evidence and flights of literary fancy, all of which permeate the complaint as it now stands. Defendants shall file their answers or move with respect to the amended pleading within ten days after service thereof. To avoid any further delay, it would be well to point out that plaintiff is not prevented from pleading a nation-wide conspiracy if such it is claimed to be, provided, of course, plaintiff alleges damages therefrom. Defendants should be guided by this statement in the event they contemplate any motion directed to the amended pleading.

The order shall also set a date subsequent to the time the answers are due, at which an informal hearing will be held, so that the issues may be particularized and the bounds of permissible discovery formulated in accordance with the recommendations contained in the report of the Judicial Conference, to which reference has heretofore been made. At such hearing a succinct and simply stated specification of the issues should be made.

Settle order on notice.

---

5. In Garbose v. George A. Giles Co. [no opinion for publication], Civ.No.7838, D.C. Mass., 1949, Judge Wyzanski held that "the complaint, as well as other pleadings, must be drawn in strict conformity with the Federal Rules of Civil Procedure. The statements should be as simple, clear, and concise as indicated by Rule 8 and by forms of complaint set forth in the Appendix to the Rules. Departure from that requirement is apt to work an injustice and to impose undue burden upon the trial court and the appellate courts. Reference which has been made to the type of pleadings which, unfortunately, have become customary in equitable cases arising under the Anti-Trust Laws is beside the point. A judge sitting alone or with other judges can sift out the parts of the complaint which are necessary allegations and the part which is a pleading of evidence. A jury is incapable of making that distinction. Therefore the complaint in jury-tried Anti-Trust cases, like any other jury-tried case, must scrupulously avoid the pleading of evidence, except insofar as it is necessary in connection with a statement of the claims."