Edward VANCE, Appellant,

v.

AMERICAN SOCIETY OF COMPOSERS, AUTHORS and PUBLISHERS (ASCAP), et al., Appellees.

No. 16273.

United States Court of Appeals
Eighth Circuit.

Oct. 26, 1959.

---

See also 14 F.R.D. 30.

Edward Vance, pro se.

Maurice J. O'Sullivan, Kansas City, Mo., for appellees.

Before WOODROUGH and MATTHES, Circuit Judges, and MICKELSON, District Judge.

WOODROUGH, Circuit Judge.

Edward Vance, appellant herein, who lives in Missouri, claims that he is the author and composer of certain songs titled "Somebody Else is Taking My Place"; "The Honey Song ('Honey I'm in Love With You')"; "Some Day (You'll Want Me to Want You)", and that he wrote and composed them at different times prior to 1942. On and before that date the same songs had been published and copyright had been obtained for each, respectively, by one of the three New York publishing companies, Mainstreet Songs, Inc., Edwin H. Morris & Company, Inc., and Shapiro, Bernstein & Company, Inc., named as appellees herein and in their several registrations for copyright, the authorship of the songs was ascribed to persons other than Mr. Vance. The Statutory Certificates of Copyright Registration on the songs claimed by Vance but issued respectively to the three New York publishing companies have remained unrevoked approximately seventeen years and the songs have reached the public in the usual ways as sheet music, rolls, records and broadcasts licensed through the record proprietors of the copyrights. The original copyrights have also been expanded from time to time in favor of the same copyright proprietors to cover arrangements and additional, revised and new words and changes.

Ever since 1944 Mr. Vance has been trying to establish a right to the songs in court and to recover damages for the use that has been made of them under the copyright by others, but all actions he has brought have been dismissed without joinder of issue on the merits and without trial or determination of his claim of authorship. He is not a lawyer and has himself prepared the complaints he has lodged, undertaken to cause issuance and service of process in the actions and made his own oral and briefed arguments to the many judges on whose dockets his cases have appeared. All of the federal district judges who have considered his pleadings and contentions have reached the same conclusions that was expressed by Judge Sugarman in 1953 in Vance v. American

Society of Composers, Authors, & Publishers, D.C., 14 F.R.D. 30, 31:

"Full opportunity has been given plaintiff to set forth his claims, whatever they may be. He has ignored the court's offer to supply, or its advice that he retain competent counsel.

"The time has come when this court must assert its indisposition to be further imposed upon by this plaintiff's refusal to retain or accept competent counsel.

"The motions to dismiss the complaint for failure to comply with F.R.Civ.P. rule 8(e), 28 U.S.C. are granted with prejudice and without leave to plead over."

Up until 1958 Mr. Vance always sought to make out a case and obtain recovery as the owner of common law rights in the songs but in an action he brought in that year in the Western District of Missouri he showed that he himself had made registry of the songs during that year and claimed to be the proprietor of copyrights on them as unpublished songs written and composed by him. That case was on Chief Judge Duncan's docket and in June of 1958 Judge Duncan entered an order declaring that "Lack of venue in this Court disposes of the plaintiff's action * * *" and that case was dismissed in 1958 without joinder of issues.

Mr. Vance brought the present action on January 26, 1959, and it also culminated in the entry of a final order of dismissal by Judge Smith at Kansas City on May 6, 1959, as follows:

"Memorandum and Order

(Filed May 6, 1959)

"Plaintiff has instituted this suit against the defendants above named seeking damages for alleged infringement of plaintiff's copyrights, illegal use of 'illegal copyrights' and other matters.

"This is one of eighteen various proceedings filed by plaintiff over a period of some fifteen years, in this Court, in the United States District Court for the Eastern District of Missouri, and in the United States District Court for the Southern District of New York.[1] The last proceeding, so far as our records indicate, was terminated June 11, 1958, by Chief Judge Duncan of this Court in Case No. 11726. Although from time to time various defendants have been named in the cases, certain of them have been named consistently in all of them; and all of them involve substantially the same subject and the same claims. This one involves as an additional element the claim that in February, 1958, plaintiff himself obtained copyright registration of the four songs which form the basis of this action, although his own pleadings and exhibits show that they were copyrighted by others many years ago.

"Without exception these various proceedings have been dismissed. Some have been dismissed for failure to comply with Rule 8, Federal Rules of Civil Procedure, as this one most certainly could be. Some have been dismissed for lack of jurisdiction because of improper venue as to certain of the defendants, as this one well could be. Others have been dismissed on the ground that they fail to state a claim upon which relief may be granted. All of them stem from the same basic charge of alleged use of alleged illegal copyrights.

"But at this time there are before me for consideration various motions to quash returns of service,

1. Those reported are: Vance v. A.S.C. A.P., D.C.S.D.N.Y., 13 F.R.D. 109; Vance v. United States, D.C.S.D.N.Y., 13 F.R.D. 203; Vance v. A.S.C.A.P. et al., certiorari denied 329 U.S. 809, 67 S.Ct. 624, 91 L.Ed. 691; Vance v. A.S.C.A.P., D.C., 14 F.R.D. 30; Unreported Vance v. A.S. C.A.P. (D.C.W.D.Mo.), No. 4139, and see Vance v. A.S.C.A.P. (D.C.E.D.Mo.) No. 10261(3). (Footnote added.)

separate pleas to the venue, and motions to dismiss as to certain named defendants. There is a wealth of material in the way of research, documents, decisions and rulings sufficient to eliminate the necessity for further extensive review of the background of this case. It is apparent that the complaint fails to state a claim upon which relief may be granted; and this Court, therefore, lacks jurisdiction of the subject matter here. For these reasons plaintiff's complaint is dismissed without leave to file an amended complaint.

"It is so Ordered."

Mr. Vance moved to vacate the Order and to "correct mistakes made by the court due to misapprehension of the issues and misappropriation of the law appliable [sic] to the issues." His motion was overruled.

■ He has taken the present appeal to obtain a reversal of the dismissal and as in all former cases he has conducted the proceedings in this Court himself. He made his own oral argument at the bar and in the allotted time failed to clearly apprise the Court of the causes of action intended to be pleaded in his complaint. As shown by the record, Mr. Vance lodged with the clerk of the district court along with his complaint a large number (between 95 and 125) of "exhibits" inserted loosely into two large envelopes declared generally in the complaint to be "made part of the complaint * * * which must be gone into by this court." Particular "exhibits" were not connected with specific allegations of the complaint and it results that the purport and intent of the complaint must be sought in the "exhibits" and is not shown by simple, concise, and direct allegations contained in it. His oral argument was mainly directed to "exhibits" which he drew from the envelopes. It follows that this complaint, like that considered by Judge Sugarman and quoted from above, utterly fails to comply with Rule 8, F.R.C.P. It was attacked on that ground before Judge Smith and his conclusion that the complaint could certainly be dismissed for failure to comply with that Rule is fully justified.

The complaint lumps all the nineteen defendants together in its charge that they had wrongfully collected six million dollars from plaintiff's songs and it demands judgment against all for a million and one half. However anxious the courts are to decide the claims of every litigant on the merits, no defendant can justly be subjected to the maintenance in court of such demands for vast sums of money against him unless the demands are presented in the orderly way the rules require. Neither can the district judges draw pleadings for one litigant to bolster them against attack from the other. The plaintiff's complaint was framed in disregard of lawful requirements and for that reason the dismissal of it must be held to have been without error.

The conclusion of the court that there was improper venue requiring dismissal of the action is also fully sustained. Disregarding the insufficiency of the complaint, we note that it does charge unequivocally that the three New York publishing companies each procured its copyrights on a song claimed by plaintiff "illegally through fraud, deceit, tricks, and misrepresentations against the United States" and have used and are using the copyrights illegally and that "unless the Court declares the * * * illegal copyrights registrations * * * invalid * * * plaintiff will be unable to enforce his copyrights." Plaintiff demands that the copyrights of which the publishers are the purported owners be declared illegal and invalid. He also demands injunction against them.

■ From these allegations and demands it is apparent that it is the object of plaintiff's suit to have invalidated and to divest the New York publishers of ownership of the copyrights that they have held as record owners and claimed as their property for many years and that without that relief plaintiff cannot

proceed against the other defendants. But the record shows that neither of the New York publishing companies, purported owners of the copyrights, is found within the territorial jurisdiction of the court where this action is brought and no valid service of process has been or can be made upon either of them there. Certainly copyrights are property and the plaintiff did not and could not show how the court could divest the holders of the copyrights here involved without valid service of process on them and according them a day in court. They are manifestly indispensable parties to the plaintiff's action as the unequivocal allegations of the complaint referred to clearly demonstrate and the court did not err in finding improper venue as to them.

In this action Mr. Vance joined two local radio stations, one television broadcasting station, a distributor and two sellers of phonograph records, and local companies which handled some phonograph records of the songs as defendants, but all of them have acted under authority derived from the original statutory copyright proprietors and as plaintiff pleaded in his complaint he could not enforce his copyright which he undertook to register in 1958 against any of them without adjudication of invalidity of the long outstanding copyrights of the New York publishers.

The conclusion of the district court that in the absence from the jurisdiction of the indispensable parties defendant there was "improper venue" and that the court was without jurisdiction of the subject matter was therefore not erroneous.

The appellees also contend in support of the judgment, as they did in the district court, that plaintiff's case against all defendants is barred by the statute of limitations.

Prior to 1958 the federal copyright law contained no limitation of time within which a civil action could be maintained under it but § 115, Title 17 U.S.C. was amended September 7, 1957, and § 115(b) now contains the provision:

"Civil actions.—No civil action shall be maintained under the provisions of this title unless the same is commenced within three years after the claim accrued."

Congress deferred operation of the provision one year and its effect evidently has been to establish the bar within the three year period whether the claim accrued before or after the effective date of the amendment. The present action was brought by the plaintiff on January 26, 1959, more than one year after the amendment and many years after the outstanding copyrights of the publishers were taken.

Plaintiff declares in the first paragraph of the complaint that the jurisdiction (of his action) is invoked under the Copyright Title 17 U.S.C.A. so that the action is a civil action included in the terms of Section 115(b) of Title 17. It is brought, as shown, to correct the wrong claimed to have been done to plaintiff in taking out copyrights in 1937, 1940 and 1942 which he claims was wrongful and illegal. That claim of plaintiff accrued when the wrongs were done and more than three years elapsed before plaintiff brought his action here to abate the wrong.

Plaintiff has argued (as we understand) that his action is not barred because his rights as author of the songs endure 56 years and each use of a song unauthorized by him gives rise to a new cause of action in his favor. But the federal copyright law confers exclusive rights in respect to songs on which copyright has been obtained by persons entitled thereto and to the extent of the provisions of the Act the author loses his right of control over his work. It is not presumed that copyrights duly registered have been fraudulently obtained; on the contrary, the statute (§ 209, Title 17) makes the certificate of the Register of Copyrights prima facie evidence in any court of the facts stated therein. Before the 1957 amendment of § 115, the maximum term in which the

author of a song could sue for its infringement was governed by the limitation prescribed for the class to which the infringement action belonged by the law of the state where the action was brought. Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109; McCaleb v. Fox Film Corp., 5 Cir., 299 F. 48; Pathe Exchange, Inc. v. Dalke, 4 Cir., 49 F.2d 161. But the 1957 amendment to § 115 imposes its limitation of three years in all civil actions brought under Title 17.

The publishing of the songs and obtaining copyrights on them by virtue of the publishing if wrongfuly done presents a different situation. The record of copyright stands in the way as an accomplished wrong that prevents plaintiff's use of his songs. There is no claim that plaintiff was not fully cognizant of the wrong when it was committed, nor any reason suggested why he failed to bring his action to annul it within the statutory time.

We note, however, that none of the district judges who have considered and dismissed the actions brought by Mr. Vance have seen fit to adjudicate in any of them upon the merits and there has been no determination that any of them was barred by limitation. In that state of the record it appears inappropriate for this Court to make decision to that effect in the first instance on the appeal. We do not find precedents as yet of the application of the new limitation, Section 115(b) Title 17, by any Circuit Court. All of the judges who have considered and dismissed the cases brought by Mr. Vance in respect to the songs he claims have found that the complaints he composes and presents without the aid of counsel fail to meet the requirements of Rule 8, F.R.C.P. and that no jurisdiction was obtained. In none has he obtained valid service of indispensable parties. Judge Smith has so concluded in the present action.

The appellees complain that Mr. Vance has harassed them with his futile actions during the years and urge this Court to make an end of it but it is consistent with the record that they could readily find

means to appear and have his claims adjudicated on the merits. We conclude the judgment appealed from is without error. It is

Affirmed.