**UNITED BANANA COMPANY, Inc.,**
Plaintiff-Appellant,

v.

**UNITED FRUIT COMPANY and Fruit Dispatch Company, Defendants-Appellees.**

No. 372, Docket 30042.

United States Court of Appeals
Second Circuit.

Argued May 24, 1966.

Decided June 24, 1966.

Robert E. Nickerson, Greenwich, Conn. (Nickerson & Weicker, Greenwich, Conn.; Ernest Leff, Beverly Hills, Cal., on the brief), for appellant.

John D. Fassett, New Haven, Conn. (Wiggin & Dana, New Haven, Conn.; Ralph M. Carson, Thomas P. Griesa, Davis Polk Wardwell Sunderland & Kiendl, New York City, on the brief), for appellees.

Before FRIENDLY, HAYS and FEINBERG, Circuit Judges.

PER CURIAM:

Appellant United Banana Company, Inc. ("United Banana"), a banana jobber, brought this action in September 1958 under the Robinson-Patman Act and the Sherman and Clayton Acts against United Fruit Company, a banana importer, and its wholly-owned distributor, Fruit Dispatch Company. Plaintiff claimed it was damaged in the first eight months of 1958 by defendants' imposition of (1) a discriminatory service charge, (2) a direct price discrimination, and (3) a monopoly price overcharge. After a nonjury trial, Judge Clarie found that defendants had not committed the claimed antitrust violations, and that, in any event, plaintiff had failed to establish damage. United Banana Co. v. United Fruit Co., 245 F.Supp. 161 (D. Conn.1965).[1]

The claim of a discriminatory service charge is based on sections 2(a) and 2(e) of the Robinson-Patman Act, 15 U.S.C. §§ 13(a), 13(e), and the conceded facts that appellees charged "wharfage" of 10¢ per hundredweight to load bananas onto buyers' trucks at shipside, whereas they made no charge for loading railroad cars. Because appellant always used trucks to cart away its bananas, it claims injury of $2,458. However, the trial court found that appellant took delivery on its own truck, not because it owned no railroad siding, but because trucking was cheaper and faster than rail. Moreover, none of appellant's competitors normally took delivery by rail; like United Banana, they all usually employed their own trucks. Therefore, there was no showing that appellant was damaged by defendants' charge for loading its trucks. Appellant has failed to show clear error as to these findings.

[1]. In addition to the findings set out in its opinion, the trial court also filed separate unreported detailed findings of fact and conclusions of law, on which we in part rely.

The claim of direct price discrimination is based on section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a), and section 1 of the Sherman Act, 15 U.S.C. § 1. Plaintiff alleged that on twenty-two trading dates, defendants sold like quality bananas to its competitors at a lower price than they charged plaintiff. United Banana claims that as a result it was overcharged $5,816. However, the court below carefully analyzed each transaction and found that on these occasions[2] the lower priced commodity sold to others was either a less valuable kind of fruit or a banana in poorer condition; it also found that plaintiff had not proved it was denied fruit on any specific occasion at a time when the same quality fruit was available to plaintiff's competitors. These findings were not clearly erroneous.

Appellant's third claim is that defendants violated the Sherman Act by a monopoly overcharge, which it computes at 86¢ per hundredweight for a claimed total of $21,144, and by an allotment system whereby defendants rationed the supply of bananas to buyers during scarce periods in proportion to the amount they had been willing to purchase from defendants during times of abundance. The trial court found that defendants did not have a monopoly, although they controlled between approximately 60 and 70 per cent of the relevant market, depending upon how it was defined. It is unnecessary to deal with this issue, since appellant's claims of damages here are either too speculative or *de minimis*. See Herman Schwabe, Inc. v. United Shoe Mach. Corp., 297 F.2d 906 (2d Cir.), cert. denied, 369 U.S. 865, 82 S.Ct. 1031, 8 L.Ed.2d 85 (1962). The trial court found, *inter alia*, that the slightly higher average price of defendants' bananas was not a result of monopoly pricing, but was solely attributable to the greater desirability of their fruit to dealers based on a number of factors. The trial court also found that defendants never charged higher prices than their competitors for like quality bananas. Defendants' allotment system, it was claimed, compelled appellant to buy more fruit from defendants at times when it might have made purchases from other importers to avoid being without an adequate supply in times when only defendants had bananas to sell; but here too, appellant made no showing of harm in monetary terms. Since the trial court found that defendants never overcharged appellant, it held that United Banana could not have been injured from overbuying defendants' bananas. The court below also found that appellant never lost business because of an inadequate supply of bananas for its customers so that appellant could not have been damaged during scarcity periods by defendants' allotment system. Appellant has not demonstrated that any of these findings is clearly erroneous.

We need not here restate the law of damages as it relates to violations of the antitrust laws. Even under the liberal teachings of Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 563–565, 51 S.Ct. 248, 75 L.Ed. 544 (1931), and Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 264–266, 66 S. Ct. 574, 90 L.Ed. 652 (1946), plaintiff was required to prove violations and resultant damages to the satisfaction of the trier of fact. Having failed to do this, and having been unable to demonstrate clear error in the trial court's key findings discussed above, the judgment below should stand.

Judgment affirmed.

2. With two exceptions, which the court not only properly regarded as *de minimus* but also found to be legally justified.