**Raymond E. KARLINSKY, Howard Jacobson, Harry M. Hatcher, and Horsemen's Benevolent and Protective Association, Inc., on behalf of themselves and all others engaged in the business of owning, training and racing thoroughbred horses in the United States, who are similarly situated, Plaintiffs,**

**v.**

**The NEW YORK RACING ASSOCIATION, INC., et al., Defendants.**

**No. 69 Civ. 4082.**

United States District Court, S. D. New York.

March 20, 1970.

---

Jesse Moss, New York City, for plaintiffs.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendants other than Thoroughbred Owners & Breeders Assn., Inc. and Record Pub. Co., Inc.; O. Carlysle McCandless, David R. Hyde, Roger S. Fine and Laurence T. Sorkin, New York City, of counsel.

Satterlee, Warfield & Stephens, New York City, and Harbison, Kessinger, Lisle & Bush, Lexington, Ky., for Thoroughbred Owners & Breeders Ass'n, Inc.; James F. Dwyer, William C. Scott, Mary M. Luria, New York City, and Rufus Lisle, Lexington, Ky., of counsel.

Townley, Updike, Carter & Rodgers, New York City, for Record Pub. Co., Inc., appearing specially, Richard J. Barnes, John D. Canoni and L. Kevin Sheridan, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

This action is brought by Horsemen's Benevolent and Protective Association, Inc., a Rhode Island membership corporation whose members own and train thoroughbred horses, and three individual owners and trainers of thoroughbred horses against defendants, The New York Racing Association, Inc. (NYRA), Jockey Club, Thoroughbred Owners & Breeders Association, Inc., Record Publishing Company, Inc. and 21 individuals who are the president and trustees of NYRA. Plaintiffs claim that defendants violated §§ 1 and 2 of the Sherman Act[1] and § 2(a) of the Clayton Act, as amended by the Robinson-Patman Act,[2] by monopolizing all aspects of the sport of thoroughbred racing. Plaintiffs seek a permanent injunction and treble damages.

Defendants move under Rule 12(b) (6), Fed.R.Civ.P., to dismiss plaintiffs' complaint for failure to state a claim for relief.

The complaint in this action utterly fails to set forth a concise statement of the material facts constituting plaintiffs' claim for relief. It is a meandering, disorganized, prolix narrative rather than a plain statement of facts framed with reference to a violation of the federal antitrust laws.

Plaintiffs' claim for relief under the Robinson-Patman Act is indicative of the total failure to focus on the material facts under the applicable substantive law.

The Robinson-Patman Act prohibits price discrimination in the sale of commodities.[3] Although it is difficult to make any definitive statement about the contents of this complaint, it would appear to involve various alleged anticompetitive restraints imposed by defendants on plaintiffs in the business of training, owning and racing thoroughbred horses. No facts are alleged which would even arguably indicate that there was a sale, that it involved a commodity and that there was a discrimination in the sale of that commodity. All of these elements are necessary prerequisites to an action under Robinson-Patman.[4] Moreover, plaintiffs allege no facts which would indicate that they are discriminated against as purchasers. They, therefore, lack standing to sue under Robinson-Patman.[5]

The claim under Robinson-Patman based on the facts alleged in the complaint is, therefore, totally frivolous and as to that claim defendants' motions to dismiss are granted.

The two remaining claims under §§ 1 and 2 of the Sherman Act are not as obviously devoid of merit, but the presentation is so confusing and out of focus that it constitutes a poor foundation for the commencement of a lawsuit which involves complicated problems under the antitrust laws, including the question of immunity for activities allegedly performed pursuant to a state legislative program, and therefore raise matters of public, rather than merely private, importance.

The federal rules require that a complaint be "simple, concise and direct" and contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] A complaint that is meandering, ambiguous and prolix and drawn without any reference to applicable substantive law is all but impossible to answer and imposes serious discovery

1. 15 U.S.C. §§ 1 and 2.

2. 15 U.S.C. § 13.

3. *Id.*

4. See, Tri-State Broadcasting Co. v. United Press Int'l, Inc., 369 F.2d 268 (5th Cir. 1966) ; Columbia Broadcasting Sys., Inc. v. Amana Refrigeration, Inc., 295 F.2d 375 (7th Cir. 1961) ; United Banana Co. v. United Fruit Co., 245 F.Supp. 161 (D. Conn.1965), aff'd, 362 F.2d 849 (2d Cir. 1966).

5. United Banana Co. v. United Fruit Co., supra, 245 F.Supp. at 168.

6. Fed.R.Civ.P. 8(e) and 8(a) (2), respectively.

and trial burdens on defendant. Even with great effort, the issues usually cannot be adequately focused during pretrial procedures. The result is a chaotic, confusing and unnecessarily protracted trial, where it is impossible to present the issues to the trier of fact in an intelligible fashion.[7]

The federal rules regarding initiatory pleadings assume that counsel will use the pretrial period to frame issues for trial[8] and, therefore, provide only a dilatory method of relief for deficient complaints which are found after exhaustive scrutiny to state a claim for relief. Since it is dilatory, such relief should only be granted if a complaint is grossly deficient.[9] This is, of course, a relative standard which must depend not only on the failure to state a plain and concise claim but also on the complexity of the case involved. In a case that involves difficult questions of fact and law, as well as public issues, it is absolutely necessary that it commence with a complaint that is in fact a short, plain and concise statement of the material facts.[10]

The best that can be said for this complaint is that interspersed throughout are allegations that can be interpreted as charging defendants with imposing anticompetitive restraints on plaintiffs. These are not, however, presented in an organized fashion. Nor are they clearly combined with a statement of facts indicating that these anticompetitive restraints were the product of an agreement among the defendants. The allegations relating to a conspiracy to restrain trade might, under a rather strained interpretation of the rules, state a claim for relief under § 1 of the Sherman Act, but they serve as a rather poor foundation for a lawsuit that will involve the question of whether the restraints imposed were the product of state legislation or private action, a hitherto relatively undeveloped area requiring a balancing of the policies of federalism and free competition.[11]

Even more significantly, plaintiffs, on their claim for monopolization under § 2 of the Sherman Act, never allege a relevant market, the activity monopolized or defendants' control of the market. All three allegations are necessary for a proper claim of monopolization[12] and necessary if this case is going to commence as a manageable claim for relief.

Accordingly, defendants' motions to dismiss plaintiffs' complaint are granted, with leave to amend within twenty (20) days for the purpose of stating a proper claim for relief under §§ 1 and 2 of the Sherman Act and without leave to amend for the purpose of stating a claim for relief under the Robinson-Patman Act.

So ordered.

7. See, Vance v. American Soc'y of Composers, Authors & Publishers, 271 F.2d 204 (8th Cir. 1959); Metropolitan Theatre Co. v. Warner Bros. Pictures, Inc., 12 F.R.D. 516 (S.D.N.Y.1952).

8. See, 2A Moore, Federal Practice ¶ 8.13, pp. 1703–1704 (2d ed. 1968).

9. Metropolitan Theatre Co. v. Warner Bros. Pictures, Inc., supra, 12 F.R.D. at 518.

10. See, Vance v. American Soc'y of Composers, Authors & Publishers, supra; Metropolitan Theatre Co. v. Warner Bros. Pictures, Inc., supra, 12 F.R.D. at 517; New Dyckman Theatre Corp. v. Radio-Keith-Orpheum Corp., 16 F.R.D. 203 (S.D.N.Y.1954).

11. See, Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943); Woods Exploration & Producing Co. v. Aluminum Co. of America, 284 F.Supp. 582, 588 (S.D.Tex.1968).

12. See, United States v. Grinnell Corp., 384 U.S. 563, 570–571, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966); United States v. E. I. Du Pont De Nemours & Co., 351 U.S. 377, 389, 394, 76 S.Ct. 994, 100 L.Ed. 1264 (1956); United States v. Columbia Steel Co., 334 U.S. 495, 519, 68 S.Ct. 1107, 92 L.Ed. 1533 (1948); Mackey v. Sears, Roebuck & Co., 237 F.2d 869 (7th Cir. 1956), cert. dismissed, 355 U.S. 865, 78 S.Ct. 114, 2 L.Ed.2d 70 (1957).