**MAIER–SCHULE GMC, INC., Plaintiff,**

**v.**

**GENERAL MOTORS CORPORATION (GMC TRUCK & BUS GROUP), Volvo White Truck Corporation, Volvo GM Heavy Truck Corporation, Buffalo Truck Sales & Service, Inc., Taige Berggren, Kenneth Kaczmarek, Richard B. Gurley, Nicholas Bodnar and Thomas B. Bowen, Defendants.**

No. CIV–87–1514S.

United States District Court,
W.D. New York.

Dec. 31, 1991.

F. James Kane, Jr., Damon and Morey, Buffalo, N.Y., for Maier-Schule GMC, Inc.

Thomas S. Wiswall, Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y., and Daniel L. Goldberg, Bingham Dana & Gould, Boston, Mass., for General Motors Corp.

Deborah H. Karalunas, Bond Schoeneck & King, Syracuse, N.Y., for Volvo White Truck Corp., Volvo GM Heavy Truck Corp., Buffalo Truck Sales & Service, Inc., Taige Berggren, Kenneth Kaczmarek, Richard B. Gurley, Nicholas Bodnar and Thomas B. Bowen.

## DECISION AND ORDER

SKRETNY, District Judge.

## INTRODUCTION

Now before this Court is the plaintiff Maier Schule's ("plaintiff") motion for partial summary judgment against defendants General Motors Corporation ("GM") and Volvo GM Heavy Truck Corporation ("VGM") (collectively referred to as "the defendants") as to the Robinson–Patman Act claims contained in Count One of the Complaint ("Count One"). Also before this Court are the cross-motions for partial summary judgment of GM and VGM, similarly as to those portions of Count One.[1]

---

1. According to a stipulation filed with the Clerk of the Court December 10, 1990, the plaintiff does not direct its motion against defendants Volvo White Truck Corporation, Buffalo Truck Sales and Service, Inc., Taige Berggren, Kenneth Kaczmarek, Nicholas Bodnar and Thomas B. Bowen. However, defendants Berggren, Kaczmarek and Gurley, employees of VGM, join

This Decision and Order supersedes a previous Decision and Order filed with the Clerk of the Court on August 1, 1991.

This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and through exercise of its pendent jurisdiction.[2]

Before it went out of business in 1990, plaintiff operated a GM truck dealership in Cheektowaga, New York; plaintiff was an authorized dealer for Class 8 GM Brigadier model ("Brigadier") trucks. Prior to and during 1987, plaintiff was one of four dealers which supplied Brigadier trucks to Ryder Automotive Carrier Division ("Ryder"). In the several years before 1987, plaintiff's sales of Brigadier trucks to Ryder constituted a significant portion of plaintiff's business. However, in 1987 plaintiff sold no Brigadier trucks to Ryder.

In Count One of the Complaint seeking declaratory and injunctive relief and damages, the plaintiff alleges that the defendants violated § 2 of the Clayton Act, as amended by the Robinson–Patman Act, 15 U.S.C. § 13 ("§ 13").[3] Plaintiff alleges that beginning in 1987, GM implemented and enforced a discriminatory fleet discount policy with respect to dealer sales of Brigadier trucks to Ryder. Plaintiff further alleges that because GM denied plaintiff the same discount offered to plaintiff's competitor dealers, plaintiff lost Ryder as a customer and consequently went out of business.

With respect to VGM, plaintiff alleges that VGM is a joint venture between GM and Volvo–White Truck Corporation created to continue the manufacture and market of Brigadier trucks in place of GM through an exclusive dealership after December 31, 1987. Plaintiff claims that before manufacturing Brigadier trucks, VGM competed with Schule as a dealer of Brigadier trucks manufactured by GM, and as a dealer, helped engineer and receive discounts not made available to the plaintiff. In any event, plaintiff alleges that VGM participated in enforcing the alleged discriminatory discounts in 1987 and beyond.

In support of their cross-motions, the defendants advance several arguments. Initially, the defendants argue that this Court must dismiss the Robinson–Patman Act portions of Count One because plaintiff cannot show that it purchased any trucks from the defendants during the time of the alleged price discrimination and, therefore, that the plaintiff has failed to establish a prima facie Robinson–Patman Act violation. The defendants also argue that the plaintiff has failed to establish other elements of its prima facie Robinson–Patman Act claim and that, nonetheless, they administered no discriminatory discounts. Finally, GM moves to strike the affidavits of Nelson Schule and F. James Kane, Esq.

In support of its motion, the plaintiff has submitted the affidavit of Nelson Schule ("Schule"); the affidavit of James Kane, Esq. with exhibits ("Kane"); a legal memorandum ("Plaintiff Memo."); a reply memorandum in response to GM ("Reply to GM"); a reply memorandum in response to VGM ("Reply to VGM"); a letter brief dat-

---

in VGM's cross motion for partial summary judgment. Therefore, hereinafter, this Court's reference to VGM is inclusive of defendants Berggren, Kaczmarek and Gurley.

Although another defendant, Peter Spence, was originally a party to the cross-motion for summary judgment, he is no longer a party to this lawsuit according to a revised case caption filed by the plaintiff on February 6, 1991, after the summary judgment motions were filed. Therefore, Mr. Spence is also no longer a party to the cross-motion.

2. Because the plaintiff filed this lawsuit before December 1, 1990, 28 U.S.C. § 1367 does not apply.

3. In his affidavit in support of the plaintiff's motion, plaintiff's counsel F. James Kane, Esq. states that plaintiff seeks partial summary judgment under both 15 U.S.C. §§ 13 and 13a. (Kane, ¶ 2). However, not only does the Complaint fail to specifically allege a violation of 15 U.S.C. § 13a, but plaintiff has no private right of action under that provision. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 78 S.Ct. 352, 2 L.Ed.2d 340 (1958). Therefore, this Court does not consider 15 U.S.C. § 13a in connection with the present motions.

This Court also notes that Count One includes alleged violations of the Sherman Act and Section 3 of the Clayton Act. Those alleged violations are not addressed by the present motions and, therefore, not now addressed by this Court.

ed January 9, 1991 ("Plaintiff Letter Brief"); and statements of material fact.

In support of its cross-motion, GM has submitted a legal memorandum ("GM Memo."); a letter brief dated February 7, 1991 ("GM Letter Brief"); the affidavit of Thomas Wiswall, Esq. with exhibits ("Wiswall"); the affidavit of Lawrence E. Bradford ("Bradford"); the affidavit of James R. Rossow ("Rossow"); several other evidentiary affidavits; and statements of material fact.

In support of its cross-motion, VGM has submitted a legal memorandum ("VGM Memo."); a first supplemental legal memorandum ("VGM 1st Supp. Memo"); a second supplemental legal memorandum ("VGM 2d Supp. Memo."); the affidavit of Deborah Karalunas, Esq. with an exhibit; and statements of material fact.

This Court has considered all these submissions and oral argument held on February 26, 1991.

*Conclusion:* For the reasons set forth below, this Court finds that the plaintiff fails to establish a prima facie Robinson–Patman Act violation and therefore grants the defendants' cross-motions for partial summary judgment as to the Robinson–Patman Act claims contained in Count One.

### SUMMARY JUDGMENT

█ Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate where "... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden is upon the moving party to demonstrate the absence of a material factual dispute. Fed.R.Civ.P. 56(e). Once that burden is met, the non-moving party "... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). This Court must draw all reasonable inferences in favor of the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90

S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). However, courts should not be reluctant to grant summary judgment in appropriate cases since "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), thereby permitting courts to avoid "... protracted, expensive and harassing trials." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985).

Applying this standard, this Court concludes that there exists no genuine issue of material fact as to the defendants' Robinson–Patman Act liability under Count One.

### FACTS

The following material facts are not in dispute.

Before 1987, plaintiff was one of four GM dealers which supplied Brigadier trucks to Ryder. (Rossow, ¶ 2). The other three dealers were George Byers Sons, Inc. ("Byers"), Wink Chevrolet ("Wink") and General GMC ("General"). According to an Addendum to the Dealer Sales and Service Agreement between the plaintiff and GM ("the Addendum"), GM granted plaintiff a non-exclusive right to buy certain named models of GM heavy duty trucks. (*See,* Memorandum and Order denying plaintiff's motion for preliminary injunction, Hon. John T. Elfvin, filed with the Clerk of the Court January 5, 1988.) From 1982 to 1986, the plaintiff supplied 251 Brigadier trucks to Ryder. (Schule ¶ 11). Sales of Brigadier trucks to Ryder constituted a significant portion of plaintiff's Class 8 heavy truck sales. (Schule, ¶¶ 7, 11).

Competitive Equalization ("CE") is a discount from invoice prices on the sale of heavy trucks such as the Brigadier.[4] This

---

**4.** The plaintiff and GM vehemently dispute the way in which CE operated. According to GM, CE is a "... customer-specific program ..." which applies only to the ultimate purchaser "... regardless of the dealer from whom the

vehicles may be purchased." (Bradford, ¶ 3). Therefore, according to GM the level of CE had nothing to do with the particular dealer from whom Ryder chose to order vehicles. (Bradford, ¶ 8). However, according to the plaintiff

discount is realized by the end user or ultimate purchaser of the truck, such as Ryder. CE was designed to make GM heavy trucks, such as the Brigadier, price competitive with other makes of heavy trucks. (Bradford, ¶ 2).

Prior to 1987, GM did not make CE available for Brigadier truck sales to car hauler companies such as Ryder. (Kane, Exh. A; Bradford ¶ 4; Rossow ¶ 4). In May 1987, GM began offering CE on Brigadier trucks ultimately supplied to Ryder. (Bradford, ¶ 5). Schule's three competitor dealers, Wink, Byers and General, supplied Brigadier trucks to Ryder in 1987. (Schule, ¶ 19; Rossow ¶ 2). During 1987 plaintiff supplied no Brigadier trucks to Ryder. (Schule ¶ 15; Rossow, ¶ 2).

On December 31, 1987, GM terminated the Addendum. (Schule, ¶ 17).

## DISCUSSION

### A. *GM's Motion To Strike Certain Affidavits*

■ Initially, GM moves to strike the affidavits of Nelson Schule and F. James Kane, Esq. arguing that these affidavits fail to comply with Fed.R.Civ.P. 56(e) because, according to GM, they are not based on personal knowledge. Briefly, this Court views the Kane affidavit only as a "road map" with respect to the documentary evidence attached to it and therefore finds no personal knowledge deficiency. Moreover, as the Chief Executive Officer of the plaintiff, Schule has personal knowledge of the plaintiff's operations. For purposes of

these motions, this Court need not and does not rely on Schule's testimony regarding the details of Ryder's relationship with the plaintiff beyond the fact of whether any sales were made by the plaintiff to Ryder at all.

Therefore, this Court denies GM's motion to strike.

### B. *Plaintiff's Prima Facie Robinson–Patman Act Case*

■ Per Count One of the Complaint, the plaintiff contends that where GM and VGM provided financial assistance to plaintiff's three competitor dealers via the CE discount system but denied plaintiff the same discount, a violation of Robinson–Patman has occurred. (Complaint, ¶ 28; Plaintiff Memo., p. 7).[5]

To establish its claim under § 13, the plaintiff must meet certain threshold elements which constitute its prima facie case. One of these elements is that the alleged price discrimination occur between two purchasers. This element stems directly from the statutory language which provides that, in relevant part, "[i]t shall be unlawful for any person engaged in commerce, in the course of such commerce ... to discriminate in price *between different purchasers* of commodities of like grade and quality...." 15 U.S.C. § 13(a). (Emphasis added). *See Terry's Floor Fashions, Inc. v. Burlington Industries, Inc.,* 763 F.2d 604, 615 (4th Cir.1985) (where plaintiff failed to show or allege two comparable, completed sales, plaintiff did not establish Robinson–Patman Act claim pursuant to 15

CE is offered to the ultimate purchaser through the dealer. (Plaintiff Reply to GM, pp. 6–7; *See* Modaffari Deposition, p. 12, attached as Exh. C to Wiswall). Therefore, according to the plaintiff CE's availability to a particular dealer directly impacted Ryder's choice to do business with that dealer.

As discussed below, this Court need not and does not address this apparent factual dispute since the plaintiff has failed to establish an initial element of its prima facie Robinson–Patman Act claim.

5. 15 U.S.C. § 13(a) provides in relevant part: It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly to indirectly, to discriminate in price between different purchasers of com-

modities of like grade and quality, where either or any of the purchases involved in such discrimination are in commerce, where such commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, and where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly in any line of commerce, or to injure, destroy, or prevent competition with any person who either grants or knowingly receives the benefit of such discrimination, or with customers of either of them....

U.S.C. § 13(a)); *See also Bruce's Juices v. American Can Co.*, 330 U.S. 743, 755, 67 S.Ct. 1015, 1021, 91 L.Ed. 1219 (1947) ("... no single sale can violate the Robinson-Patman Act. At least two transactions must take place in order to constitute a discrimination.")

In this case, as the undisputed facts demonstrate, although plaintiff alleges that defendants violated the Robinson-Patman Act in 1987, plaintiff admits that it purchased no Brigadier trucks [6] from defendants during that year.

Indeed, as a primary basis in support of their cross-motions, the defendants argue that this Court must dismiss plaintiff's Robinson-Patman Act claim because plaintiff cannot demonstrate that it was a purchaser of Brigadier trucks during the relevant time period, 1987. Defendants contend that to establish a right to recovery under the Robinson-Patman Act, plaintiff must demonstrate two contemporaneous sales of like commodities to different purchasers at different prices during 1987 where the plaintiff was at least one of the purchasers. Essentially, then, although defendants concede that plaintiff's three competitors purchased Brigadier trucks in 1987, they argue that because plaintiff purchased no Brigadier trucks in 1987, that it lacks standing to sue under the Robinson-Patman Act. (GM Memo., p. 16–18; VGM Memo., p. 6).

Plaintiff responds to the defendants' position with two basic arguments. First, plaintiff argues that there were 250 sales during 1987 to plaintiff's three competitor dealers which more than satisfies the "two purchaser" requirement of 15 U.S.C. § 13(a). Second, plaintiff argues that the two purchaser requirement only applies to cases where a "... direct purchase violation of the Robinson-Patman Act is alleged ..." and that, in this case, plaintiff has not alleged a "... direct purchase ..." case but instead a discriminatory discount case where plaintiff was purposefully "... de-

prived of sales...." (Plaintiff Letter Brief, p. 3).

Having considered these arguments, this Court holds that the plaintiff has failed to establish a prima facie Robinson-Patman claim because plaintiff cannot show that it purchased any Brigadier trucks from the defendants in 1987, the time period of the alleged Robinson-Patman Act violation. In so holding, this Court rejects plaintiff's claims that it can establish a Robinson-Patman Act claim through the purchaser status of plaintiff's competitor dealers and that a "discriminatory discount theory," as opposed to a "direct purchase violation," remains exempt from the purchaser requirement of the statute.

The problem here is that plaintiff has failed to show that it has been discriminated against in its capacity as a purchaser of commodities from the defendants. Plaintiff instead relies on the purchaser status of its competitors to establish its own prima facie case for discrimination. However, § 13(a) only contemplates price discrimination "... *between different purchasers* ..." (emphasis added). Since plaintiff admits, and the evidence remains uncontradicted, that it was not a purchaser during the time of the alleged discrimination, plaintiff cannot show discrimination between two purchasers. *See Klein v. Lionel Corporation*, 237 F.2d 13, 15 (3d Cir.1956); *United Banana Company v. United Fruit Company*, 245 F.Supp. 161, 168 (D.Conn.1965), *affirmed*, 362 F.2d 849 (2d Cir.1966). Of course, the plaintiff also lacks standing to raise any price discrimination leveled by the defendants against plaintiff's competitors.

This Court similarly rejects plaintiff's argument that, because it alleges that the defendants' manipulation of CE prevented plaintiff's purchase of Brigadier trucks, plaintiff need not show that it purchased any Brigadier trucks from defendants during the relevant time period. Section 13,

---

**6.** For purposes of this discussion only, this Court assumes *arguendo* that the Brigadier trucks at issue constitute "... commodities of like grade and quality ..." within § 13(a). This Court recognizes that the parties dispute whether the Brigadier trucks sold to plaintiff in 1986 were of like grade and quality to those sold to plaintiff's competitor dealers in 1987. However, because this Court finds that the plaintiff has failed to show that it was a purchaser of Brigadier trucks in 1987, it does not and need not address this apparent factual dispute.

by its own terms, only affords a remedy to price discrimination between purchasers. That threshold requirement is simply not met in this case. In fact, courts have rejected the claim that the Robinson–Patman Act's purchaser requirement is inapplicable where the plaintiff's failure to purchase the relevant commodity allegedly stems from a defendant's discriminatory conduct. *See Chatham Brass Co., Inc. v. Honeywell Inc.,* 512 F.Supp. 108, 113–14 (S.D.N.Y. 1981) (and citations therein).

Furthermore, the fact that plaintiff calls the defendants' alleged Robinson–Patman Act violation one of discriminatory discount rather than one of direct purchase does not change the plain statutory requirement that price discrimination occur between two purchasers. *See Highspire, Inc. v. UFK America, Inc.,* 469 F.Supp. 1009 (S.D.N.Y. 1979) (two purchaser requirement applied in lawsuit involving alleged discriminatory discount). The plaintiff has cited no authority for its proposition that a "discriminatory discount" case is exempt from the two purchaser requirement. Although the plaintiff has cited several cases involving discriminatory discounts, in virtually all of those cases the plaintiff was indisputably a purchaser of commodities or the Federal Trade Commission had initiated an enforcement action where the two purchaser requirement was clearly met. Plaintiff also cites *Hartley & Parker, Inc. v. Florida Beverage Corporation,* 307 F.2d 916 (5th Cir.1962), where the Fifth Circuit reversed the lower court's dismissal of a Robinson–Patman Act cause of action for failure to state a claim. In rejecting the claim that the two purchaser requirement had not been met, the Court found that although a distributor had stopped making purchases from a distiller on a certain date, the distributor still had the commodities in stock which it had purchased from the distiller and continued to sell to end users at a price disadvantage due to the distiller's alleged discriminatory discounts. Essentially, then, the court found that, under those circumstances, where the distributor continued to sell the commodities after it had purchased them from the distiller, the distributor was still a purchaser within

§ 13(a). *Id.,* at 921. In this case, however, plaintiff has not supplied stock on hand to Ryder after purchasing it from the defendants so that this Court could view plaintiff as a purchaser within § 13(a) under the reasoning of *Hartley & Parker.*

Finally, in its Letter Brief, for the first time the plaintiff argues that, by virtue of the fact that VGM initially competed with the plaintiff as a heavy truck dealer to Ryder, that VGM has induced a price discrimination in violation of 15 U.S.C. § 13(f). That section provides that:

> It shall be unlawful for any person engaged in commerce, in the course of such commerce, knowingly to induce or receive a discrimination in price which is prohibited by this section.

However, because this Court has already held, above, that no price discrimination prohibited by § 13(a) occurred because the plaintiff has failed to establish the two purchaser element of its prima facie case, it similarly holds that plaintiff cannot establish a § 13(f) violation against VGM. *Great Atlantic & Pacific Tea Co., Inc. v. F.T.C.,* 440 U.S. 69, 76, 99 S.Ct. 925, 931, 59 L.Ed.2d 153 (1979) (buyer liability under 15 U.S.C. § 13(f) dependent on seller liability under 15 U.S.C. § 13(a)).

Therefore, because the plaintiff has failed to meet a threshold element of its prima facie Robinson–Patman Act claim this Court must, therefore, dismiss that claim. Plaintiff must pursue its antitrust claims under its remaining causes of action.

## CONCLUSION

For the reasons set forth above, this Court holds that no genuine issue of material fact exists with respect to the defendants' Robinson–Patman Act liability under Count One of the Complaint and, therefore, grants the defendants' cross-motions for partial summary judgment.

## ORDER

IT HEREBY IS ORDERED, that this Court DENIES the plaintiff's motion for partial summary judgment as to the Robin-

son–Patman Act claims contained in Count One of the Complaint pursuant to Fed. R.Civ.P. 56.

FURTHER, that this Court GRANTS the cross-motions for partial summary judgment of General Motors Corporation, Volvo GM Heavy Truck Corporation, Taige Berggren, Kenneth Kaczmarek and Richard Gurley, as to the Robinson–Patman Act claims contained in Count One of the complaint also pursuant to Fed.R.Civ.P. 56 and therefore DISMISSES the Robinson–Patman Act portions of Count One as to those defendants.

SO ORDERED.